ACCEPTED
14-15-00925-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/22/2015 2:55:16 PM
CHRISTOPHER PRINE
CLERK

No. 14–15–00925–CV

IN THE
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/22/2015 2:55:16 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE INTEREST OF R.S.T., A CHILD

**The Office of the Attorney General of Texas,**
*Appellant,*

**v.**

**Patrick Eugene Bedford**
*Appellee.*

---

## BRIEF OF APPELLANT,
## THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS

_____

KEN PAXTON
Attorney General of Texas

CHARLES ROY
First Assistant Attorney General

ILDEFONSO OCHOA, JR.
Deputy Director
Policy, Legal, and Program Operations
Child Support Division

RANDE K. HERRELL
JOHN B. WORLEY

DETERREAN GAMBLE
Assistant Attorneys General
Mail Code 038-1
P.O. Box 12017
Austin, Texas 78711-2017
Phone No. (512) 460-6672
Fax No. (512) 460-6612
*Attorneys for Appellant,*
*Office of the Attorney*
*General of Texas*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

**Appellant**:        Office of the Texas Attorney General
P.O. Box 12017, MC 038–1
Austin, Texas 78711-2017

**Counsel for Appellant**:        Rande K. Herrell
John B. Worley
Deterrean Gamble

**Appellee**        Patrick Eugene Bedford

**Counsel for Appellee**:        Gary M. Polland
2211 Norfolk Street, Suite 920
Houston, Texas 77098

**Trial Court**        Hon. Charley Prine
246th District Court
Harris County, Texas

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Issue 1 :    In its default judgment against the OAG, the trial court erred in ordering a modification regarding the registration of a foreign state child support order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# INDEX OF AUTHORITIES

**Cases**

*Barber v. Barber*,
      323 U.S. 77, 65 S.Ct. 137 (1944). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bard v. Charles R. Myers Ins. Agency, Inc.*,
      839 S.W.2d 791 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Dunn v. Mortenson*,
      839 So.2d 1007 (La. Ct. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Durfee v. Duke*,
      375 U.S. 106, 84 S.Ct. 242 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Glass v. Williamson*,
      137 S.W.3d 114 (Tex. App.—Houston [1st Dist.] 2004, no pet.). . . . . . 7, 8, 9

*In re E.H.*,
      450 S.W.3d 166 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). . . . . . . 8

*Miles v. Peacock*,
      229 S.W.3d 384 (Tex. App.—Houston [1st Dist.] 2007, no pet.). . . . . 5, 6, 13

*Quaestor Investments, Inc. v. State of Chiapas*,
      997 S.W.2d 226 (Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 13

*Villanueva v. Off. of the Attorney Gen.*,
      935 S.W.2d 953 (Tex. App.—San Antonio 1996, writ denied). . . . . . . . . . . 8

**Statutes**

Act of May 21, 2009, 81ˢᵗ Leg., R.S., ch. 767, § 21, sec. 159.611, 2009 Tex. Gen. Laws 1938, 1945. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Act of May 20, 1997, 75th Leg., R.S., ch. 607, § 18, sec. 159.613, 1997 Tex. Gen. Laws 2137, 2143. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

TEX. FAM. CODE § 158.506. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TEX. FAM. CODE § 159.605. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7

TEX. FAM. CODE § 159.606. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 9

TEX. FAM. CODE § 159.611. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9, 10, 11

TEX. FAM. CODE § 159.613. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9, 10, 11

TEX. R. APP. P. 30. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 13

## REQUEST FOR ORAL ARGUMENT

The Office of the Attorney General of Texas requests oral argument if this Court deems such argument necessary to resolve the issues involved with this appeal.

# ISSUES PRESENTED

**ISSUE 1**:     **In its default judgment against the OAG, the trial court erred in ordering a modification regarding the registration of a foreign state child support order.**

No. 14–15–00925–CV

In The
Fourteenth Court of Appeals
Houston, Texas

**IN THE INTEREST OF R.S.T., A CHILD**

**The Office of the Attorney General of Texas,**
*Appellant*,

**v.**
**Patrick Eugene Bedford**
*Appellee.*

_____

**BRIEF OF APPELLANT,**
**THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
_____

TO THE HONORABLE COURT OF APPEALS:

The undersigned Assistant Attorney General respectfully submits this brief on behalf of Appellant, the Office of the Attorney General of Texas (OAG).

**STATEMENT OF THE CASE**

The trial court issued a default order modifying a registration of a Louisiana trial court's child support order. In its order, the trial court ordered that any withholding from Father's income involving child support be suspended.

## STATEMENT OF FACTS[1]

On September 13, 2011, the OAG filed a Notice of Registration of Foreign Support Order, seeking to register a Louisiana child support order obliging Father to pay $152.00 per month in current child support. C.R. at 4–7, 24. (Apx. A, B). On the same day, the OAG filed its Motion to Confirm Support Arrearage, seeking to confirm Father's accrued child support arrearage and reduce the confirmed arrearage to judgment. C.R. at 4–7. (Apx. A).

On December 15, 2011, the trial court convened a hearing on the OAG's Motion to Confirm Support Arrearage. C.R. at 25–30. (Apx. C). Father and the OAG appeared at the hearing. *Id.* On December 19, 2011, the trial court issued an Order Confirming Support Arrearage. *Id.* In its order, the trial court found that the Louisiana trial court retained continuing, exclusive jurisdiction over the child support issue and that the Louisiana trial court issued the controlling order in the case. *Id.* The trial court also found that Father owed $21,584.00 in child support arrearages as of October 31, 2009. *Id.* The trial court ordered Father to pay $100.00 per month beginning on January 1, 2012 until the arrearage judgment was paid in full. *Id.* The record reflects that Father did not contest the registration of the Louisiana trial court's

---

1  'C.R.' is an abbreviated reference to the Clerk's Record; R.R. is an abbreviated reference to the Reporter's Record; 'Apx.' is an abbreviated reference to the Appendix.

2

child support order.

On January 17, 2012, Father filed his Motion for New Trial and requested that the trial court order genetic testing. C.R. at 35–36. (Apx. D). On February 24, 2012, the trial court granted Father's motion. C.R. at 37. (Apx. E). On March 29, 2012, the OAG filed Notice of Nonsuit and the trial court subsequently granted the nonsuit. C.R. at 42–43. (Apx. F).

On or about September 3, 2014, Father filed his Motion to Modify. *See* C.R. at 45–47, 63–64, 74–75 (referring to pleading).[2] On October 30, 2014, the OAG filed an Original Answer and Motion to Dismiss Motion to Modify. C.R. at 45–46. The OAG filed at least two amended answers as well. *See* C.R. at 48–51; *see also* C.R. at 51–55.

On July 6, 2015, the trial court convened a hearing on Father's Motion to Modify. R.R. at 5. Father appeared at the hearing, but the OAG did not. *Id.* At the hearing, Father denied paternity and requested that the Texas trial court order that the writ of withholding be withdrawn. R.R. at 6. The trial court verbally granted Father's request. R.R. at 7.

---

2      The OAG requested that the clerk's record include Father's Motion to Modify. *See* C.R. at 74–75. The record reflects that the district clerk did not include this pleading in the record before this Court. The OAG will request a Supplemental Clerk's Record which will include Father's Motion to Modify.

On August 10, 2015, the trial court issued its default Order in Suit to Modify Child Support Withholding. C.R. at 63–65. (Apx. H). In the order, the trial court found that the allegations in Father's motion were true. *Id.* The trial court modified the registration of the Louisiana order and ordered that the Harris County auditor "stop all child support arrearages." *Id.* The OAG gave notice of appeal.

## SUMMARY OF ARGUMENT

The trial court erred in issuing an order modifying a registration of a Louisiana trial court's child support order, thereby establishing an error on the face of the record sufficient to satisfy the restricted appeal standard in Texas Rule of Appellate Procedure 30. Because Father failed to contest the registration, the Louisiana trial court's child support order was registered by operation of law pursuant to Texas Family Code sections 159.605 and 159.606. In addition, the trial court erred in issuing an order modifying registration of the Louisiana order under either Texas Family Code sections 159.611 or 159.613 by failing to establish that it had jurisdiction to modify the Louisiana trial court's child support order. There was no evidence or testimony presented to the trial court and present on the face of the record to show the residence of the child, obligee, or Father. Finally, Father used an incorrect remedy to seek relief against the administrative writ of withholding. Instead of seeking to modify the registration, Father should have use the statutory remedy

4

found in Texas Family Code section 158.506, which provides for administrative review and judicial review if a child support obligor seeks to contest an administrative writ of withholding.

## ARGUMENT

**ISSUE ONE: In its default judgment against the OAG, the trial court erred in ordering a modification regarding the registration of a foreign state child support order.**

**STANDARD OF REVIEW:** To succeed on a restricted appeal, an appellant must show the following: 1) that the appellant appealed within six months after the issuance of the default judgment; 2) that the appellant was a party to the underlying lawsuit; 3) that the appellant did not participate in the trial of the case; and 4) that there is error on the face of the record. TEX. R. APP. P. 30 (Apx. I); *see also Quaestor Investments, Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999); *see also Miles v. Peacock*, 229 S.W.3d 384, 386–87 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Here, the OAG filed its notice of appeal on October 26, 2015, a date within six months of the issuance of the Texas trial court's August 10, 2015 order. C.R. at 71. In addition, the OAG was a party to the underlying suit. *See* C.R. at 63–65 (in "Apperances" section of trial court's August 10, 2015 order, State of Texas named

5

as one of the parties).  (Apx. H).  Finally, the OAG did not appear at the hearing that resulted in the Texas trial court's August 10, 2015 order.  *Id.*; *see also* R.R. at 5. Therefore, three of the four prongs of the standard for restricted appeal have been satisfied.  *See* TEX. R. APP. P. 30 (Apx. I); *see also Quaestor*, 997 S.W.2d at 227; *see also Miles*, 229 S.W.3d at 386–87.  The fourth prong is discussed below.

**REGISTRATION OF FOREIGN STATE CHILD SUPPORT ORDER:**

Texas Family Code section 159.605 states:

(a)     When a support order or income-withholding order issued in another state or a foreign support order is registered, the registering tribunal of this state shall notify the nonregistering party. The notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order.

(b)     A notice must inform the nonregistering party:

(1)     that a registered order is enforceable as of the date of registration in the same manner as an order issued by a tribunal of this state;

(2)     that a hearing to contest the validity or enforcement of the registered order must be requested within 20 days after notice unless the registered order is under Section 159.707;

(3)     that failure to contest the validity or enforcement of the registered order in a timely manner will result in

6

confirmation of the order and enforcement of the order and the alleged arrearages; and

(4)   of the amount of any alleged arrearages.

(c)   If the registering party asserts that two or more orders are in effect, the notice must also:

(1)   identify the two or more orders and the order alleged by the registering party to be the controlling order and the consolidated arrears , if any;

(2)   notify the nonregistering party of the right to a determination of which is the controlling order;

(3)   state that the procedures provided in Subsection (b) apply to the determination of which is the controlling order; and

(4)   state that failure to contest the validity or enforcement of the order alleged to be the controlling order in a timely manner may result in confirmation that the order is the controlling order.

(d)   On registration of an income-withholding order for enforcement, the support enforcement agency or the registering tribunal shall notify the obligor's employer under Chapter 158.

TEX. FAM. CODE § 159.605 (Apx. J); *see also Glass v. Williamson*, 137 S.W.3d 114,

119 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Texas Family Code section 159.606, states in relevant part:

(b)     If the nonregistering party fails to contest the validity or enforcement of the registered support order in a timely manner, the order is confirmed by operation of law.

TEX. FAM. CODE § 159.606(b) (Apx. J); *see also Glass*, 137 S.W.3d at 119.

When registered and confirmed, a sister state's child support order is entitled to full faith and credit in Texas. *See Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 794 (Tex. 1992) (citing *Barber v. Barber*, 323 U.S. 77, 79, 65 S.Ct. 137, 138 (1944)(construing the Full Faith and Credit Clause of the U.S. Constitution)); *see also In re E.H.*, 450 S.W.3d 166, 170 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). "A properly proven foreign judgment must be recognized and given effect coextensive with that to which it is entitled in the rendering state." *Bard*, 839 S.W.2d at 794. "The full faith and credit clause requires that a valid judgment from one state be enforced in other states regardless of the laws or public policy of the other states." *Id.* "In addition, a state is required to give another state's judgment the same res judicata effect it would receive in the rendering state." *Villanueva v. Off. of the Attorney Gen.*, 935 S.W.2d 953, 956 (Tex. App.—San Antonio 1996, writ denied) (citing *Durfee v. Duke*, 375 U.S. 106, 109, 84 S.Ct. 242, 244 (1963) ("A judgment of a court in one state is conclusive upon the merits in a court in another state only if the

8

court in the first state had power to pass on the merits—had jurisdiction, that is, to render the judgment."")); *see also Dunn v. Mortenson*, 839 So.2d 1007, 1012 (La. Ct. App. 2003) (applying res judicata standard against Texas trial court judgment; Louisiana res judicata standard substantially similar to Texas res judicata standard)

Here, the record reflects that Father failed to timely contest the registration of the Louisiana trial court's order filed on September 13, 2011. *See* C.R. at 24 (Apx. B); *see also* C.R. at 25–30 (inference from jurisdictional recitals of trial court's order that Father did not challenge registration of Louisiana trial court's order and also agreed with finding on arrears at the time of hearing, although Father later filed motion for new trial to overturn agreed order). (Apx. C). When Father failed to contest the registration of the Louisiana trial court's order, the order was confirmed by operation of law. *See* TEX. FAM. CODE § 159.606 (Apx. J); *see also Glass*, 137 S.W.3d at 119.

**MODIFICATION OF REGISTERED FOREIGN SUPPORT ORDER:**

Nonetheless, Father sought a modification of the registration of the Louisiana trial court's child support order. The Texas trial court issued its August 10, 2015 order modifying the registration of the Louisiana trial court's order. C.R. at 63–65. (Apx. H). Modification of a registered foreign child support order is controlled by Texas Family Code sections 159.611 and 159.613, which gives the Texas trial court

9

jurisdiction to modify a registered foreign child support order under certain circumstances. TEX. FAM. CODE §§ 159.611, 159.613. (Apx. J).

The version of Texas Family Code section 159.611 that was effective when Father filed his motion to modify states, in relevant part:

> (a) Except as provided by Section 159.615, on petition a tribunal of this state may modify a child support order issued in another state and registered in this state only if Section 159.613 does not apply and after notice and hearing the tribunal finds that:
>
>> (1) the following requirements are met:
>>
>>> (A) the child, the obligee who is an individual, and the obligor do not reside in the issuing state;
>>>
>>> (B) a petitioner who is a nonresident of this state seeks modification; and
>>>
>>> (C) the respondent is subject to the personal jurisdiction of the tribunal of this state; or
>>
>> (2) this state is the state of residence of the child and the child, or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this state, and all of the parties who are individuals have filed consents in a record in the issuing tribunal consents for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction.
>
> (b) Modification of a registered child support order is subject to the same requirements,, procedures, and defenses that

10

> apply to the modification of an order issued by the tribunal of this state, and the order may be enforced and satisfied in the same manner.

Act of May 21, 2009, 81ˢᵗ Leg., R.S., ch. 767, § 21, sec. 159.611, 2009 Tex. Gen. Laws 1938, 1945. (Apx. K) (prior version of now-amended TEX. FAM. CODE § 159.611; amendment effective on July 1, 2015).

On the face of the record, Father did not present any evidence or testimony as to the residence of the child or of the obligee. *See* R.R. at 5–7. In addition, Father, the child support obligor, did not present any evidence or testimony to show that he is a non–resident of Texas. *See* R.R. at 5–7. The trial court made no findings that neither the child nor the obligee are residents of Louisiana. *See* C.R. at 63–65. (Apx. H). Nor did the trial court make any findings that Father is a nonresident of Texas. *Id.* Therefore, the trial court erred in issuing an order modifying registration of the Louisiana order under Texas Family Code section 159.611 when the record does not establish that it had jurisdiction to modify the Louisiana trial court's child support order. *See* Act of May 21, 2009, 81ˢᵗ Leg., R.S., ch. 767, § 21, sec. 159.611, 2009 Tex. Gen. Laws 1938, 1945. (Apx. J) (prior version of now-amended TEX. FAM. CODE § 159.611; amendment effective on July 1, 2015). (Apx. K).

The version of Texas Family Code section 159.613 that was effective when Father filed his motion to modify states, in relevant part:

11

     (a)     If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order.

     (b)     A tribunal of this state exercising jurisdiction under this section shall apply the provisions of Sections 159.101 through 159.209 and 159.601 through 159.614 and the procedural and substantive law of this state to the proceeding for enforcement or modification. Sections 159.301 through 159.507 and 159.701 through 159.802 do not apply.

Act of May 20, 1997, 75th Leg., R.S., ch. 607, § 18, sec. 159.613, 1997 Tex. Gen. Laws 2137, 2143. (Apx. J) (prior version of now-amended TEX. FAM. CODE § 159.613; amendment effective on July 1, 2015). (Apx. K).

Again, Father presented no evidence or testimony as to the residence of the child or the obligee. *See* R.R. at 5–7. In addition, Father, the child support obligor, did not present any evidence or testimony to show that he is a resident of Texas. *See* R.R. at 5–7. The trial court made no findings regarding the residence of the child or the obligee. *See* C.R. at 63–65. (Apx. H). Nor did the trial court make any findings that Father is a resident of Texas. *Id.* Therefore, the trial court erred in issuing an order modifying registration of the Louisiana order under Texas Family Code section 159.613 when the record does not establish that it had jurisdiction to modify the Louisiana trial court's child support order. *See* Act of May 20, 1997, 75th Leg., R.S.,

12

ch. 607, § 18, sec. 159.613, 1997 Tex. Gen. Laws 2137, 2143. (Apx. J) (prior version of now-amended TEX. FAM. CODE § 159.613; amendment effective on July 1, 2015). (Apx. K). The trial court's error on the face of the record satisfies the fourth prong of the restricted appeal standard. *See* TEX. R. APP. P. 30 (Apx. I); *see also Quaestor*, 997 S.W.2d at 227; *see also Miles*, 229 S.W.3d at 386–87.

**CONTEST TO ADMINISTRATIVE WRIT OF WITHHOLDING:**

Father used the incorrect remedy here. Instead, Father had a statutory remedy as set out in Texas Family Code section 158.506. *See* TEX. FAM. CODE § 158.506. (Apx. K). Texas Family Code section 158.506 allows a child support obligor who receives notice of an administrative writ of withholding to contest the writ through an administrative proceeding. *Id.* If the dispute remains after the administrative process has concluded, the obligor may seek judicial review. *Id.* Because Father failed to utilize the correct remedy to contest the administrative writ of withholding, this is also an error on the face of the record. *See* TEX. R. APP. P. 30 (Apx. I); *see also Quaestor*, 997 S.W.2d at 227; *see also Miles*, 229 S.W.3d at 386–87. The error on the face of the record satisfies the fourth prong of the restricted appeal standard. *See* TEX. R. APP. P. 30 (Apx. I); *see also Quaestor*, 997 S.W.2d at 227; *see also Miles*, 229 S.W.3d at 386–87.

13

## CONCLUSION AND PRAYER

For the forgoing reasons, the OAG respectfully requests that this Court reverse the judgment of the trial court and remand the case to the trial court for further proceedings in accordance with this Court's opinion.

Respectfully submitted,

Ken Paxton,
Attorney General of Texas

Charles Roy
First Assistant Attorney General

Ildefonso Ochoa, Jr.
Deputy Director
Policy, Legal, and Program Operations
Child Support Division

Rande K. Herrell
Managing Attorney, Appellate Litigation
Child Support Division

/s/ Deterrean Gamble
Deterrean Gamble
Assistant Attorney General
State Bar No. 24062194
deterrean.gamble@texasattorneygeneral.gov

P.O. Box 12017
Austin, Texas 78711-2017
Voice: (512) 460-6085
Fax:    (512) 460-6612

Attorneys for Appellant,
The Office of the Attorney
General of Texas

**CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 2950 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

 /s/ Deterrean Gamble
Deterrean Gamble
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I certify that a copy of this **Brief of Appellant** was served on the parties or their counsel listed below by certified United States mail on December 22, 2015.

/s/ Deterrean Gamble

Deterrean Gamble
Assistant Attorney General

Gary M. Polland
2211 Norfolk Street
Houston, Texas 77098
*Counsel for Respondent, Patrick Eugene Bedford*

Michelle D. Sanders
*Assistant Attorney General*

No. 14–15–00925–CV

In The
Fourteenth Court of Appeals
Houston, Texas

**IN THE INTEREST OF R.S.T., A CHILD**

**The Office of the Attorney General of Texas,**
*Appellant*,

**v.**
**Patrick Eugene Bedford**
*Appellee.*

**APPENDIX**

# APPENDIX

A.      Motion to Confirm Support Arrearage (September 13, 2011)

B.      Notice of Registration of Foreign Order (September 13, 2011)

C.      Order on Motion to Confirm Arrearage (December 19, 2011)

D.      Motion for New Trial (January 17, 2012)

E.      Order Granting Motion for New Trial (February 24, 2012)

F.      Notice and Order of Nonsuit (April 3, 2012)

G.      Order on Motion for New Trial (May 27, 2015)

H.      Order in Suit Modifying Child Support Withholding (August 10, 2015)

I.      TEX. R. APP. P. 30

J.      TEX. FAM. CODE §§ 159.605, 159.606

K.      Act of May 21, 2009, 81st Leg., R.S., ch. 767, § 21, sec. 159.611, 2009 Tex. Gen. Laws 1938, 1945

K.      Act of May 20, 1997, 75th Leg., R.S., ch. 607, § 18, sec. 159.613, 1997 Tex. Gen. Laws 2137, 2143

NCP Name: **PATRICK EUGENE BEDFORD**
CP Name: *TANYA R DARBONNE*
OAG Number: **0012134745**
LAC: **RREN**

CAUSE NUMBER 201154295 146

IN THE INTEREST OF

§ IN THE ___ JUDICIAL DISTRICT

§ OF

A CHILD

§ *HARRIS* COUNTY, TEXAS

## MOTION TO CONFIRM SUPPORT ARREARAGE (UIFSA)

The TEXAS ATTORNEY GENERAL, representing the State of Texas as a Support Enforcement Agency pursuant to Texas Family Code Chapter 159, and providing services pursuant to Texas Family Code Chapter 231, files this pleading for which discovery is intended to be conducted under Level 2 of Rule 190, Texas Rules of Civil Procedure.

### JURISDICTION

1. This Court has, or should assume, jurisdiction over *PATRICK EUGENE BEDFORD* pursuant to Texas Family Code Chapter 159.

### CHILDREN

2. The following child residing in Louisiana is the subject of this suit:

| Name | | Sex | DOB | Birthplace |
|---|---|---|---|---|
| | | | | |

No property, other than personal effects, is owned by any child, subject of this suit.

### PERSONS ENTITLED TO NOTICE

3. *PATRICK EUGENE BEDFORD*, age *39*, the *father* of the child, resides in *HOUSTON, TX*. The TEXAS ATTORNEY GENERAL requests the issuance and service of process on this person in accordance with the attached service information sheet.

### PRIOR CHILD SUPPORT ORDER

4. On *5/30/1999* a tribunal ordered *PATRICK EUGENE BEDFORD* to pay current child support of *$152.00 monthly*, beginning *1/1/1998*, and *monthly* thereafter. The amount and frequency of *PATRICK EUGENE BEDFORD*'s child support obligation remains unchanged. Attached as **Exhibit A** are the relevant portions of said order.



**FILED**
Chris Daniel
District Clerk

SEP 1 3 2011

Time: _____
Harris County, Texas

By_____
Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

4

## CHILD SUPPORT ARREARAGE

5.    *PATRICK EUGENE BEDFORD* failed to pay court ordered child support as follows:

| | |
|---|---|
| Prior arrears as of *10/31/2009* | $21,584.00 |
| Support accrued since *10/31/2009* | $3,040.00 |
| Interest accrued since *10/31/2009* | $0.00 |
| Support paid since *10/31/2009* | $6,345.47 |
| Total arrearage as of *6/27/2011* | $18,278.53 |

**EXHIBIT B**, which is attached and incorporated by reference, is a true and correct copy of a payment record indicating the occasions Obligor violated the above-referenced order.

## ARREARAGE JUDGMENT

6.    The Court should confirm and enter judgment for all support arrearage and accrued interest as of the hearing date. The Court should order payment and income withholding to liquidate the judgment pursuant to Texas Family Code Chapters 157, 158 and 159.

Attached as **EXHIBIT C** and incorporated by reference is a true and correct copy of the payment record of *PATRICK EUGENE BEDFORD* showing the date and amount of each child support payment made by him, and the accrual of interest and arrears since *10/31/2009*.

## WITHHOLDING FROM EARNINGS FOR SUPPORT

7.    The Court should order all support withheld from disposable earnings pursuant to Texas Family Code Chapter 158 and § 159.305(b)(3). The Court should order all payments of support processed pursuant to Texas Family Code Chapter 231 for distribution according to law. If appropriate, the Court should order *PATRICK EUGENE BEDFORD* to post a bond or security.

5

## REQUEST FOR PRODUCTION OF DOCUMENTS

8.     *PATRICK EUGENE BEDFORD* has in his possession documents that will show the nature and extent of his ability to pay child support. The TEXAS ATTORNEY GENERAL, pursuant to Rule 196, Texas Rules of Civil Procedure, requests him to produce and permit the TEXAS ATTORNEY GENERAL to inspect and copy the originals, or true copies, of the following documents in his possession, custody or control:  (a) his IRS federal tax returns for the past two years with all schedules included with the returns and all W-2s and 1099s attached to such returns, (b) any and all W-2 statements, all 1099s, and all documents showing income received by Respondent from any source for the two tax years preceding the date of filing of this action, (c) all payroll stubs, vouchers, records of commissions and all other written records or evidence of income received by him within the last six months, (d) the most recent Social Security Administration Form SSA-7005, showing his income history, sent to him three  months before his last birthday, (e) statements of accounts for all checking or saving accounts in which he has held an interest within the last six months, (f) all evidence (policies, premium schedules, records of premiums paid, etc.) of health insurance available at his place of employment that may provide coverage for dependent children, (g) copies of loan applications made within the last six months, (h) current statement of benefits and account balances for all retirement, pension, or profit-sharing plans in which the respondent has accrued or may accrue benefits, regardless if such benefits have vested, including but not limited to employer- or union-sponsored defined benefit or defined contribution plans and individual retirement accounts (IRAs), and (i) summary plan description of all retirement, pension, or profit-sharing plans in which the respondent has accrued or may accrue benefits, regardless if such benefits have vested. The TEXAS ATTORNEY GENERAL requests production of the specified documents at:

**The Office of the Attorney General**
  **2311 CANAL ST**
  **SUITE 100**
  **HOUSTON, TX 77003**

on or before 3:00 p.m. on the 50th day following the date of service of this request.

### ATTORNEY FEES AND COSTS

9.     The Court should order *PATRICK EUGENE BEDFORD* to pay reasonable attorney fees and all other costs of this proceeding.

### PRAYER

The TEXAS ATTORNEY GENERAL prays that the Court grant all relief requested herein. The TEXAS ATTORNEY GENERAL prays for general relief.

6

Respectfully submitted,

Greg Abbott
Attorney General of Texas

Daniel T. Hodge
First Assistant Attorney General

ANNA M CASILLAS - SBN: 03966550
MICHELLE D SANDERS - SBN: 24001582
MINERVA A RAMIREZ - SBN: 16502550
STEPHANIE A PRUETZ - SBN: 24070451
YASMIN KUTTY -SBN: 24068862
ASSISTANT ATTORNEY GENERAL
CHILD SUPPORT DIVISION
2311 CANAL ST
SUITE 100
HOUSTON, TX 77003
Telephone No. *(713)802-9293*
Toll Free 1(800)687-8327
Fax No. *(713)864-8842*

7

NCP Name: *PATRICK EUGENE BЕ▮ORD*
CP Name: *TANYA R DARBONNE*
OAG Number: **0012134745**
LAC: **RREN**

CAUSE NUMBER 2011542 95

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE ▮▮4TH JUDICIAL DISTRICT |
| | § | OF |
| — ▮▮▮▮▮▮ | § | |
| A CHILD | § | *HARRIS* COUNTY, TEXAS |

### NOTICE OF REGISTRATION OF FOREIGN SUPPORT ORDER (UIFSA)

TO: *PATRICK EUGENE BEDFORD*

▮▮▮▮▮▮▮▮▮

1.  ▮▮▮▮▮▮▮▮▮ has been registered pursuant to Texas Family Code Chapter 159, Subchapter G is attached, along with a copy of any other relevant information accompanying the order.

2.  A registered order is enforceable as of the date of registration in the same manner as an order issued by a Texas court.

3.  The amount of the alleged arrearage is $ *18,394.84* as of *6/28/2011*.

4.  A hearing to contest the validity or enforcement of the registered order must be requested within 20 days after the date of personal service of this notice.

5.  If you wish to contest the registered order, file a written response with the District Clerk and mail a copy to the TEXAS ATTORNEY GENERAL at *2311 CANAL ST, SUITE 100, HOUSTON, TX, 77003* within 20 days after the date of service of this notice.

6.  Failure to contest the validity or enforcement of the registered order in a timely manner will result in confirmation of the order and enforcement of the order and the alleged arrearages. This precludes further contest of the order with respect to any matter that could have been asserted and the amount of alleged arrearages. Any prior determination of arrearages by any tribunal is entitled to full faith and credit and the amount is not subject to retroactive redetermination.

7.  Direct all child support payments to:

    Texas Child Support Disbursement Unit
    P O Box 659791
    San Antonio, TX 78265-9791

    for distribution according to law.

**FILED**
Chris Daniel
District Clerk

SEP 1 3 2011

Time:_____
Harris County, Texas
By_____
Deputy

*CHRIS DANIEL*, District Clerk

*HARRIS* County, Texas

By: _____ ,Deputy

NCP Name:    *PATRICK EUGENE BEDFORD*
CP Name:     *TANYA R DARBONNE*
OAG Number:  **0012134745**

CAUSE NUMBER 2011 54295

IN THE INTEREST OF

§   IN THE 246TH *JUDICIAL DISTRICT*

§            OF

A CHILD

§   *HARRIS* COUNTY, TEXAS

### ORDER CONFIRMING SUPPORT ARREARAGE (UIFSA)

On the _15th_ day of _December_, 20_11_, the Court held a hearing in this cause. The TEXAS ATTORNEY GENERAL appeared by its ATTORNEY OF RECORD.

*PATRICK EUGENE BEDFORD*, the *father* of the child, is the Obligor, and

[X]     appeared in person (and by attorney _Pro Se_ );

[NA]   appeared in person Pro Se and was advised of his rights, including the right to court appointed attorney if found indigent. The Court finds that *PATRICK EUGENE BEDFORD* knowingly and intelligently waived his rights and proceeded Pro Se;

[X]     agreed to the entry of these orders as evidenced by his signature;

[NA]   although duly notified, did not appear;

[NA]   although duly and properly cited and notified, did not appear and wholly made default. At the request of the TEXAS ATTORNEY GENERAL, the Court severed the contempt action and then heard other issues raised by pleadings on file, including the request for a judgment and for income withholding.

The Court FINDS that *TANYA R DARBONNE*, the *mother* of the child, is the Obligee.

The Court FINDS that a tribunal of _Louisiana_ has continuing exclusive jurisdiction over the child support issue and has issued the controlling order. The Court further FINDS, pursuant to Texas Family Code Chapter 159, that it has jurisdiction over *PATRICK EUGENE BEDFORD* and the subject matter of this suit.

A record of the proceedings was:

[X]     waived by the parties with the consent of the court.

[ ]     made by audio recording.

**FILED**
Chris Daniel
District Clerk

DEC 15 2011
3.07
Time: _____
Harris County, Texas
By _____

ORDER CONFIRMING SUPPORT ARREARAGE (UIFSA)                PAGE _1_ OF _6_

## CHILDREN

The following child is the subject of this suit:

| Name | Sex | DOB | SSN | Birthplace |
|------|-----|-----|-----|------------|
| ████████████ | █ | ████ | █████████ | |

## PRIOR ORDER

On *5/30/1999* a tribunal ordered *PATRICK EUGENE BEDFORD* to pay current child support of *$152.00* *monthly*, beginning *1/1/1998* and *monthly* thereafter.

## JUDGMENT ON ARREARS

The Court FINDS and CONFIRMS that *PATRICK EUGENE BEDFORD* is in arrears in the amount of $ 21,584.00 as of October 31, 2009. This includes all unpaid child support and any balance owed on previously confirmed arrearages or retroactive support judgments as of the specified date. The judgment for this amount is a cumulative judgment.

The Court GRANTS and RENDERS judgment against *PATRICK EUGENE BEDFORD* and in favor of the TEXAS ATTORNEY GENERAL in the amount of $ 21,584.00, with interest as provided by the law of:

the State of Texas, at the rate of 6% per annum;

☒ the State, Louisiana, that issued the controlling order;

for collection and distribution according to law.

The Court ORDERS *PATRICK EUGENE BEDFORD*, Obligor, to pay said child support judgment by paying ~~$_____ on or before the ____ day of _____, ____, and by paying~~ $ 100.00 each month beginning the 18 day of January, 2012, payable on or before that date and on or before the same day of each month thereafter until the arrearage is paid in full, ~~or on the termination of current support for any child the subject of this suit.~~

~~If *PATRICK EUGENE BEDFORD* has not paid the judgment in full by the date his current child support obligation ends, the Court ORDERS~~ him to pay the remainder of said judgment by paying $_____ each ~~month on or before the same day of each month until the arrearage is paid in full.~~ The withholding order authorized herein shall include such payments, but nothing herein shall prohibit the use of other collection methods authorized by law. The court's order setting payments on a child support judgment or on a medical support judgment does not preclude or limit the use of any other means for enforcement of the judgment.

*PATRICK EUGENE BEDFORD* is ORDERED to pay all support through the registry of the court:

Texas Child Support Disbursement Unit
P O Box 659791
San Antonio, TX 78265-9791

for distribution according to law. All payments shall be identified by:

Obligor name *PATRICK EUGENE BEDFORD*,
Obligee name *TANYA R DARBONNE*,
TEXAS ATTORNEY GENERAL case number *0012134745*,
cause number 2011 54295, and
the date on which the withholding occurred.

*PATRICK EUGENE BEDFORD* is ORDERED to pay court costs of $ As Billed to the District Clerk of *HARRIS* County, Texas on or before the 3rd day of December , 2012 directly to:

CHRIS DANIEL
P O BOX 4651
HOUSTON, TX 77210-4651

### INCOME WITHHOLDING:

The Court ORDERS, pursuant to Texas Family Code Chapter 158 and § 159.305(b)(3), any employer of *PATRICK EUGENE BEDFORD*, current or subsequent, to withhold income from the disposable earnings of *PATRICK EUGENE BEDFORD* for the child's support as set out in the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT. Any income withheld from *PATRICK EUGENE BEDFORD*'s disposable earnings for child support and paid according to this order shall be credited against his child support obligation, but shall not discharge any of his child support obligation that exceeds the amount so credited.

The Court finds *PATRICK EUGENE BEDFORD* is liable for all court ordered child support, regardless of the amounts withheld by any employer or entity, and *PATRICK EUGENE BEDFORD* is ordered to pay any court ordered child support not withheld by any employer or entity directly to the Texas Child Support Disbursement Unit as ordered.

The Court ORDERS the Clerk of the Court, upon request, to cause a certified copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT, with a copy of Texas Family Code Chapter 158 attached, to be delivered to *PATRICK EUGENE BEDFORD*'s employer.

The Court ORDERS *PATRICK EUGENE BEDFORD* to provide any subsequent employer with a copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT.

### STATUTORY WARNINGS

**FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.**

**FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.**

**FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW**

POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT AND, THE STATE CASE REGISTRY WITH CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

## NOTICE TO THE STATE CASE REGISTRY

As is required by the preceding section, any change of a party's residential address, mailing address, home telephone number, name of employer, address of employment, driver's license number, and work telephone number are to be reported by mail to the:

State Case Registry
Contract Services Section
MC 046S
P.O. Box 12017
Austin, TX 78711-2017

in addition to reporting the change(s) to the other parties and the Court.

## REVIEW

Pursuant to 42 USC 666(a)(10), a parent subject to a child support order, at least every three years, has the right to request a review of the ordered child support amounts by contacting the CHILD SUPPORT DIVISION of the TEXAS ATTORNEY GENERAL.

Court:      24TH JUDICIAL DISTRICT HARRIS County, Texas

Cause Number:      96-3383

### PRIMARY JOINT MANAGING or MANAGING CONSERVATOR INFORMATION:

Name:      TANYA R DARBONNE

Residence Address:



Work Phone:

### JOINT MANAGING or POSSESSORY CONSERVATOR INFORMATION:

PATRICK EUGENE BEDFORD



Address:

Expected termination date of obligation to pay child support and of orders for possession of, or access to, a child (date of expected emancipation of all minors):    N A

The Court:

[ ] has

[X] has not

ordered that special restrictions be placed on the distribution of this information pursuant to Texas Family Code § 105.006(c), to wit:

Signed this _____ day of _DEC 1 9 2011_, _____.

_____
ASSOCIATE JUDGE PRESIDING

_____
YASMIN KUTTY - SBN: 24068862
ANNA M CASILLAS - SBN: 03966550
MINERVA A RAMIREZ - SBN: 16502550
MICHELLE D SANDERS - SBN: 24001582
STEPHANIE A PRUETZ - SBN: 24070451
ATTORNEY OF RECORD
CHILD SUPPORT DIVISION
2311 CANAL ST
SUITE 100
HOUSTON, TX 77003
Telephone No. (713)802-9293
Toll Free 1(800)687-8327
FAX No. (713)864-8842

_____
PATRICK EUGENE BEDFORD, Obligor

30 of 4

CAUSE NO. 2011-54295

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| ▮▮▮▮▮▮▮ | § | 246TH JUDICIAL DISTRICT |

**MOTION FOR NEW TRIAL**

Respondent PATRICK EUGENE BEDFORD moves this Court to set aside the judgment rendered against PATRICK EUGENE BEDFORD on December 15, 2011, and grant him a new trial in this cause.

1.      This Motion is presented within the time limits prescribed by the Texas Rules of Civil Procedure for a Motion for a New Trial.

2.      Respondent has asked for DNA testing in this matter because he does not believe he is the father.

3.      The judgment in this case was against the great weight and preponderance of the evidence.

4.      The granting of a new trial will not prejudice the other parties to this cause.

5.      Respondent is able, ready and willing to go to trial immediately, and no delay, harm or prejudice will occur to the other parties as a result of Respondent's motion.

**PRAYER**

Respondent prays that after notice and hearing the judgment rendered in this cause be set aside and that Respondent be granted a new trial.

```
ASSESSED
ENTERED
VERIFIED
```

35

Respectfully submitted,

By: _____

Gary M. Polland
State Bar No. 16095800
2211 Norfolk St., Suite 920
Houston, Texas 77098
Telephone: (713) 621-6335
Facsimile: (713) 622-6334
**ATTORNEY FOR PATRICK EUGENE BEDFORD**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded via facsimile and/or first-class mail, postage prepaid to the following counsel of record on this the 13th day of January, 2012.

*Via Facsimile (713) 864-8842*
Anna M. Casillas
Michelle D. Sanders
Minerva A. Ramirez
Stephanie A. Pructz
Yasmin Kutty
Assistant Attorney General
Child Support Division
2311 Canal St., Suite 100
Houston, TX 77003

_____

Gary M. Polland

CAUSE NO. 2011-54295

IN THE INTEREST OF      §      IN THE DISTRICT COURT

     §      OF HARRIS COUNTY, TEXAS

     §      246TH JUDICIAL DISTRICT

### ORDER ~~ON~~ *GRANTING* MOTION FOR NEW TRIAL

On _____2/23_____ 2012, the Court considered Respondent PATRICK EUGENE BEDFORD'S Motion for New Trial. After considering the Motion, the Court decided that the request should be granted.

IT IS ORDERED that Respondent PATRICK EUGENE BEDFORD shall be granted a new trial.

GRANTED this __24__ day of ____Febr____, 2012.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM AND
ENTRY REQUESTED:**

By: _____
     Gary M. Polland
     State Bar No. 16095800
     2211 Norfolk Street, Suite 920
     Houston, Texas 77098
     Telephone: (713) 621-6335
     Facsimile: (713) 622-6334
**ATTORNEY FOR PATRICK EUGENE BEDFORD**

FILED
Chris Daniel
District Clerk

FEB 24 2012

Time: _____
By _____
Harris County, Texas
Deputy

37

NCP Name:    *PATRICK EUGENE BEDFORD*
CP Name:     *TANYA R DARBONNE*
OAG Number:  **0012134745**

CAUSE NUMBER *201154295*

| | |
|---|---|
| IN THE INTEREST OF | § IN THE *246TH JUDICIAL DISTRICT* |
| ▮▮▮▮▮▮▮▮ | § OF |
| A CHILD | § *HARRIS* COUNTY, TEXAS |

**NOTICE OF NONSUIT**

The TEXAS ATTORNEY GENERAL, pursuant to Rule 162, Texas Rules of Civil Procedure, gives notice of its Nonsuit concerning its "Motion to Confirm Support Arrearages (UIFSA) filed on September 13, 2011.

Respectfully submitted,

Greg Abbott
Attorney General of Texas

Daniel T. Hodge
First Assistant Attorney General

ANNA M CASILLAS - SBN: 03966550
MICHELLE D SANDERS - SBN: 24001582
MINERVA A RAMIREZ - SBN: 16502550
STEPHANIE A PRUETZ - SBN: 24070451
ASSISTANT ATTORNEY GENERAL
CHILD SUPPORT DIVISION
2311 CANAL ST
SUITE 100
HOUSTON, TX 77003
Telephone No. *(713)802-9293*
Toll Free 1(800)687-8327
Fax No. *(713)864-8842*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

1 of 2

42

## NONSUIT

The Court finds that the Office of the Attorney General has nonsuited its pending action and directs the Clerk of the Court to record such nonsuit in the minutes of the court.

~~MAR 2 9 2012~~

Signed this ___3___ day of ___April___, ___2012___

_____
A~~SSOCIA~~TE JUDGE PRESIDING

FILED
Chris Daniel
District Clerk

MAY 27 2015

Time:_____
Harris County, Texas

CAUSE NO. 2011-54295

IN THE INTEREST OF

§
§
§
§
§
§

CHILD

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

246TH JUDICIAL DISTRICT

**ORDER**

On this day came on for hearing Respondent PATRICK BEDFORD'S First Amended Motion to Stay Child Support Withholding, and it is the opinion of this Court after hearing the evidence and argument of counsel that said Motion should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that the Harris County Auditor's Office stop all child support arrearages withholding regarding the above-styled case from Respondent PATRICK BEDFORD's Harris County paycheck, and pending a review of the validity of the registered child support order; and IT IS ORDERED that DNA testing take place for the Respondent, PATRICK BEDFORD, and the child, ███████ █ ██████, the subject of this suit at Respondent's expense.

SIGNED this the 27 day of May , 2015.
MAY 27 2015

_____
JUDGE PRESIDING

APPROVED AS TO FORM AND
ENTRY REQUESTED:

By: /S/ Gary M. Polland
    Gary M. Polland
    State Bar No. 16095800
    2211 Norfolk St., suite 920
    Houston, TX 77098
    (713) 621-6335
    (713) 622-6334 – fax
**ATTORNEY FOR RESPONDENT**

APPROVED AS TO FORM:

By: _____
    Michelle D. Sanders
    State Bar No. 24001582
    2311 Canal St., Suite 100
    Houston, Texas 77003
    (713) 802-9293
    (713) 864-8842
**ATTORNEY GENERAL OF TEXAS**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

62

p.3
nch
14ne

(01)

CAUSE NO. 2011-54295

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
| | § | |
| ▮▮▮▮▮ | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHILD | § | 246TH JUDICIAL DISTRICT |

## ORDER IN SUIT TO MODIFY CHILD SUPPORT WITHHOLDING

On July 06, 2015, the Court heard this case.

1. **Appearances**

Petitioner, STATE OF TEXAS, although duly notified, did not appear.

Respondent, PATRICK EUGENE BEDFORD, appeared in person and through attorney of record, Gary Polland and announced ready for trial.

2. **Jurisdiction**

This Court after examining the record and the evidence and argument of counsel, finds that it has jurisdiction of this case and all the parties and that no other court has continuing exclusive jurisdiction of this case. All persons entitled to citation were properly cited.

3. **Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

4. **Record**

The making of a record of testimony was not waived by the parties.

5. **Children**



RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

## 6. Findings

The Court finds that the material allegations in Respondent's petition to modify are true. IT IS ORDERED that the requested modification is GRANTED, as Respondent was never properly served with citation in regards to the claim for child support registration in Texas of the Louisiana child support order.

It is therefore, ORDERED, ADJUDGED and DECREED that the Harris County Auditor's Office stop all child support arrearages withholding regarding the above-styled case from Respondent PATRICK EUGENE BEDFORD'S Harris County, Texas paychecks.

## 7. Relief Not Granted

IT IS ORDERED that all relief requested in this case and not expressly granted is denied. All other terms of the prior orders not specifically modified in this order shall remain in full force and effect.

*Date of Order*

SIGNED on _Aug 10_ _____, 2015.


Signed on this the _10_ day of _Aug_ _____, 2015.

_____
PRESIDING JUDGE

64

APPROVED AS TO FORM

By: /S/ Gary M. Polland
Gary M. Polland
State Bar No. 16095800
2211 Norfolk St., suite 920
Houston, TX 77098
(713) 621-6335
(713) 622-6334 - fax
ATTORNEY FOR RESPONDENT

*Patrick Belford*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Order in Suit to Modify Child Support Withholding has been forwarded via facsimile and/or first-class mail, postage prepaid to the following counsel of record on this the 27th day of July 2015.

*Via Facsimile (713) 864-8842*
Attorney General of Texas
Michelle D. Sanders
State Bar No. 24001582
2311 Canal St., Suite 100
Houston, Texas 77003

/S/ Gary M. Polland
Gary M. Polland

3

65

---

Vernon's Texas Rules Annotated
   Texas Rules of Appellate Procedure
     Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos)

TX Rules App.Proc., Rule 30

Rule 30. Restricted Appeal to Court of Appeals in Civil Cases

Currentness

A party who did not participate--either in person or through counsel--in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

**Credits**
Eff. Sept. 1, 1997.

Rules App. Proc., Rule 30, TX R APP Rule 30
Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

---

**End of Document**  <span style="float:right">© 2015 Thomson Reuters. No claim to original U.S. Government Works.</span>

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 159. Uniform Interstate Family Support Act (Refs & Annos)
          Subchapter G. Registration, Enforcement, and Modification of Support Order
          Part 2. Contest of Validity or Enforcement

**V.T.C.A., Family Code § 159.605**

**§ 159.605. Notice of Registration of Order**

**Effective: July 1, 2015**

Currentness

(a) When a support order or income-withholding order issued in another state or a foreign support order is registered, the registering tribunal of this state shall notify the nonregistering party. The notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order.

(b) A notice must inform the nonregistering party:

(1) that a registered order is enforceable as of the date of registration in the same manner as an order issued by a tribunal of this state;

(2) that a hearing to contest the validity or enforcement of the registered order must be requested within 20 days after notice unless the registered order is under Section 159.707;

(3) that failure to contest the validity or enforcement of the registered order in a timely manner will result in confirmation of the order and enforcement of the order and the alleged arrearages; and

(4) of the amount of any alleged arrearages.

(c) If the registering party asserts that two or more orders are in effect, the notice must also:

(1) identify the two or more orders and the order alleged by the registering party to be the controlling order and the consolidated arrears , if any;

(2) notify the nonregistering party of the right to a determination of which is the controlling order;

(3) state that the procedures provided in Subsection (b) apply to the determination of which is the controlling order; and

(4) state that failure to contest the validity or enforcement of the order alleged to be the controlling order in a timely manner may result in confirmation that the order is the controlling order.

(d) On registration of an income-withholding order for enforcement, the support enforcement agency or the registering tribunal shall notify the obligor's employer under Chapter 158.

**Credits**

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1997, 75th Leg., ch. 607, § 15, eff. Sept. 1, 1997; Acts 2003, 78th Leg., ch. 1247, § 35, eff. Sept. 1, 2003; Acts 2015, 84th Leg., ch. 368 (H.B. 3538), § 43, eff. July 1, 2015.

V. T. C. A., Family Code § 159.605, TX FAMILY § 159.605
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 159. Uniform Interstate Family Support Act (Refs & Annos)
          Subchapter G. Registration, Enforcement, and Modification of Support Order
          Part 2. Contest of Validity or Enforcement

V.T.C.A., Family Code § 159.606

§ 159.606. Procedure to Contest Validity or Enforcement of Registered Support Order

Effective: July 1, 2015

Currentness

(a) A nonregistering party seeking to contest the validity or enforcement of a registered support order in this state shall request a hearing within the time required by Section 159.605 . The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages under Section 159.607.

(b) If the nonregistering party fails to contest the validity or enforcement of the registered support order in a timely manner, the order is confirmed by operation of law.

(c) If a nonregistering party requests a hearing to contest the validity or enforcement of the registered support order, the registering tribunal shall schedule the matter for hearing and give notice to the parties of the date, time, and place of the hearing.

**Credits**

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1997, 75th Leg., ch. 607, § 16, eff. Sept. 1, 1997; Acts 2015, 84th Leg., ch. 368 (H.B. 3538), § 44, eff. July 1, 2015.

V. T. C. A., Family Code § 159.606, TX FAMILY § 159.606
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

they are required to be furnished under Section 59, Article XVI, Texas Constitution, and Chapter 313, Government Code.

(b) The governor, one of the required recipients, has submitted the notice and Act to the Texas Commission on Environmental Quality.

(c) The Texas Commission on Environmental Quality has filed its recommendations relating to this Act with the governor, the lieutenant governor, and the speaker of the house of representatives within the required time.

(d) All requirements of the constitution and laws of this state and the rules and procedures of the legislature with respect to the notice, introduction, and passage of this Act are fulfilled and accomplished.

SECTION 4.   This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution.   If this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2009.

Passed the Senate on April 28, 2009: Yeas 31, Nays 0; the Senate concurred in House amendment on May 29, 2009: Yeas 31, Nays 0; passed the House, with amendment, on May 25, 2009: Yeas 141, Nays 0, two present not voting.

Approved June 19, 2009.

Effective June 19, 2009.

––––––   ––––––

# CHAPTER 767

## S.B. No. 865

### AN ACT
relating to child support enforcement and disbursement and to health care coverage for children in Title IV–D cases.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1.   Section 102.009, Family Code, is amended by adding Subsection (e) to read as follows:

*(e) In a proceeding under Chapter 233, the requirements imposed by Subsections (a) and (c) do not apply to the extent of any conflict between those requirements and the provisions in Chapter 233.*

SECTION 2.   Subsection (b), Section 102.011, Family Code, is amended to read as follows:

(b) The court may also exercise personal jurisdiction over a person on whom service of citation is required or over the person's personal representative, although the person is not a resident or domiciliary of this state, if:

(1) the person is personally served with citation in this state;

(2) the person submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;

(3) the child resides in this state as a result of the acts or directives of the person;

(4) the person resided with the child in this state;

(5) the person resided in this state and provided prenatal expenses or support for the child;

(6) the person engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;

(7) the person, [registered with the paternity registry maintained by the bureau of vital statistics] as provided by Chapter 160:

   *(A) registered with the paternity registry maintained by the bureau of vital statistics;* or

*(B) signed an acknowledgment of paternity of a child born in this state;* or

(8) there is any basis consistent with the constitutions of this state and the United States for the exercise of the personal jurisdiction.

SECTION 3.   Section 110.006, Family Code, is amended to read as follows:

Sec. 110.006.   DOMESTIC RELATIONS OFFICE *OPERATIONS FEES AND CHILD SUPPORT SERVICE* FEES.   *(a)* If an administering entity of a domestic relations office adopts an initial operations fee under Section 203.005(a)(1) [or an initial child support service fee under Section 203.005(a)(2)], the clerk of the court shall:

*(1)* collect the *operations* fee at the time the *original* suit, *motion for modification,* or *motion for enforcement, as applicable,* is filed; and

*(2)* send the fee to the domestic relations office.

*(b) If an administering entity of a domestic relations office adopts an initial child support service fee under Section 203.005(a)(2), the clerk of the court shall:*

*(1) collect the child support service fee at the time the original suit is filed; and*

*(2) send the fee to the domestic relations office.*

*(c) The fees described by Subsections (a) and (b) are not filing fees for purposes of Section 110.002 or 110.003.*

SECTION 4.   Subsections (b) and (c), Section 154.062, Family Code, are amended to read as follows:

(b) Resources include:

(1) 100 percent of all wage and salary income and other compensation for personal services (including commissions, overtime pay, tips, and bonuses);

(2) interest, dividends, and royalty income;

(3) self-employment income;

(4) net rental income (defined as rent after deducting operating expenses and mortgage payments, but not including noncash items such as depreciation); and

(5) all other income actually being received, including severance pay, retirement benefits, pensions, trust income, annuities, capital gains, social security benefits *other than supplemental security income,* unemployment benefits, disability and workers' compensation benefits, interest income from notes regardless of the source, gifts and prizes, spousal maintenance, and alimony.

(c) Resources do not include:

(1) return of principal or capital;

(2) accounts receivable; or

(3) benefits paid in accordance with *federal public assistance programs* [aid for families with dependent children].

SECTION 5.   Subsection (a–1), Section 154.125, Family Code, is amended to read as follows:

(a–1) The dollar amount prescribed by Subsection (a) is adjusted every six years as necessary to reflect inflation.   The Title IV–D agency shall compute the adjusted amount, to take effect beginning September 1 of the year of the adjustment, based on the percentage change *in the consumer price index* during the *72–month* [preceding six-year] period *preceding March 1 of the year of the adjustment* [in the consumer price index], as rounded to the nearest $50 increment.   The Title IV–D agency shall publish the adjusted amount in the Texas Register before September 1 of the year in which the adjustment takes effect.   For purposes of this subsection, "consumer price index" has the meaning assigned by Section 341.201, Finance Code.

SECTION 6.   Section 154.130, Family Code, is amended by amending Subsections (a) and (b) and adding Subsection (a–1) to read as follows:

(a) Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in rendering an order of child support, the court shall make the findings required by Subsection (b) if:

(1) a party files a written request with the court not later than 10 days after the date of the hearing;

(2) a party makes an oral request in open court during the hearing; or

(3) the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines *under Section 154.125 or 154.129, as applicable.*

*(a-1) If findings under this section are required as a result of the request by a party under Subsection (a)(1) or (2), the court shall make and enter the findings not later than the 15th day after the date of the party's request.*

(b) If findings are required by this section, the court shall state whether the application of the guidelines would be unjust or inappropriate and shall state the following in the child support order:

"(1) the [monthly] net resources of the obligor per month are $_____;

"(2) the [monthly] net resources of the obligee per month are $_____;

"(3) the percentage applied to the obligor's net resources for child support [by the actual order rendered by the court] is _____%; *and*

"(4) [the amount of child support if the percentage guidelines are applied to the portion of the obligor's net resources that does not exceed the amount provided by Section 154.125(a), Family Code, is $_____;]

["(5)] if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount *computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable* [stated in Subdivision (4) are: _____; and]

["(6) if applicable, the obligor is obligated to support children in more than one household, and:]

["(A) the number of children before the court is _____;]

["(B) the number of children not before the court residing in the same household with the obligor is _____; and]

["(C) the number of children not before the court for whom the obligor is obligated by a court order to pay support, without regard to whether the obligor is delinquent in child support payments, and who are not counted under Paragraph (A) or (B) is _____]."

SECTION 7.   Subsections (b), (c), and (e), Section 154.181, Family Code, are amended to read as follows:

(b) Before a hearing on temporary orders or a final order, if no hearing on temporary orders is held, the court shall require the parties to the proceedings to disclose in a pleading or other statement:

(1) if private health insurance is in effect for the child, the identity of the insurance company providing the coverage, the policy number, which parent is responsible for payment of any insurance premium for the coverage, whether the coverage is provided through a parent's employment, and the cost of the premium; or

(2) if private health insurance is not in effect for the child, whether:

(A) the child is receiving medical assistance under Chapter 32, Human Resources Code;

(B) the child is receiving health benefits coverage under the state child health plan under Chapter 62, Health and Safety Code, and the cost of any premium; and

(C) either parent has access to private health insurance at reasonable cost to *the obligor* [that parent].

(c) In rendering temporary orders, the court shall, except for good cause shown, order that any health insurance coverage in effect for the child continue in effect pending the rendition of a final order, except that the court may not require the continuation of any health insurance that is not available to the parent at reasonable cost *to the obligor.* If there is no health insurance coverage in effect for the child or if the insurance in effect is not available at a reasonable cost *to the obligor,* the court shall, except for good cause shown, order health care coverage for the child as provided under Section 154.182.

(e) In this section, "reasonable cost" means the cost of health insurance coverage for a child that does not exceed nine percent of the *obligor's* [~~responsible parent's~~] annual resources, as described by Section 154.062(b), *if the obligor is responsible under a medical support order for the cost of health insurance coverage for only one child. If the obligor is responsible under a medical support order for the cost of health insurance coverage for more than one child, "reasonable cost" means the total cost of health insurance coverage for all children for which the obligor is responsible under a medical support order that does not exceed nine percent of the obligor's annual resources, as described by Section 154.062(b).*

SECTION 8. Subsections (a), (b), (b–1), (b–2), and (c), Section 154.182, Family Code, are amended to read as follows:

(a) The court shall consider the cost, *accessibility,* and quality of health insurance coverage available to the parties and shall give priority to health insurance coverage available through the employment of one of the parties if the coverage is available at a reasonable cost *to the obligor.*

(b) In determining the manner in which health care coverage for the child is to be ordered, the court shall render its order in accordance with the following priorities, unless a party shows good cause why a particular order would not be in the best interest of the child:

(1) if health insurance is available for the child through a parent's employment or membership in a union, trade association, or other organization at reasonable cost [~~to the parent~~], the court shall order that parent to include the child in the parent's health insurance;

(2) if health insurance is not available for the child under Subdivision (1) but is available to a parent *at reasonable cost* from another source, *including the program under Section 154.1826 to provide health insurance in Title IV–D cases* [~~and at a reasonable cost~~], the court may order that parent to provide health insurance for the child; or

(3) if health insurance coverage is not available for the child under Subdivision (1) or (2), the court shall order the obligor to pay the obligee, in addition to any amount ordered under the guidelines for child support, an amount, not to exceed nine percent of the obligor's *annual* [~~monthly~~] resources, *as described by Section 154.062(b),* as cash medical support for the child.

(b–1) If the parent ordered to provide health insurance under Subsection (b)(1) or (2) is the obligee, the court shall order the obligor to pay the obligee, as additional child support, an amount equal to the actual cost of health insurance for the child, *but not to exceed a reasonable cost to the obligor.* In calculating the actual cost of health insurance for the child, if the obligee has other minor dependents covered under the same health insurance plan, the court shall divide the total cost to the obligee for the insurance by the total number of minor dependents, including the child covered under the plan.

(b–2) If the court finds that neither parent has access to private health insurance at a reasonable cost *to the obligor,* the court shall order the parent awarded the exclusive right to designate the child's primary residence or, to the extent permitted by law, the other parent to apply immediately on behalf of the child for participation in a government medical assistance program or health plan. If the child participates in a government medical assistance program or health plan, the court shall order cash medical support under Subsection (b)(3).

(c) In this section:

*(1) "Accessibility" means the extent to which health insurance coverage for a child provides for the availability of medical care within a reasonable traveling distance and time from the child's primary residence, as determined by the court.*

*(2) "Reasonable*[~~, "reasonable~~] cost" has the meaning assigned by Section 154.181(e).

SECTION 9. Subchapter D, Chapter 154, Family Code, is amended by adding Sections 154.1826 and 154.1827 to read as follows:

*Sec. 154.1826. HEALTH CARE PROGRAM FOR CERTAIN CHILDREN IN TITLE IV–D CASES. (a) In this section:*

*(1) "Health benefit plan issuer" means an insurer, health maintenance organization, or other entity authorized to provide health benefits coverage under the laws of this state.*

*(2) "Health care provider" means a physician or other person who is licensed, certified, or otherwise authorized to provide a health care service in this state.*

*(3) "Program" means the child health care program developed under this section.*

*(4) "Reasonable cost" has the meaning assigned by Section 154.181(e).*

*(5) "Third-party administrator" means a person who is not a health benefit plan issuer or agent of a health benefit plan issuer and who provides administrative services for the program, including processing enrollment of eligible children in the program and processing premium payments on behalf of the program.*

*(b) In consultation with the Texas Department of Insurance, the Health and Human Services Commission, and representatives of the insurance industry in this state, the Title IV–D agency shall develop and implement a statewide program to address the health care needs of children in Title IV–D cases for whom health insurance is not available to either parent at reasonable cost under Section 154.182(b)(1) or under Section 154.182(b)(2) from a source other than the program.*

*(c) The director of the Title IV–D agency may establish an advisory committee to consult with the director regarding the implementation and operation of the program. If the director establishes an advisory committee, the director may appoint any of the following persons to the advisory committee:*

*(1) representatives of appropriate public and private entities, including state agencies concerned with health care management;*

*(2) members of the judiciary;*

*(3) members of the legislature; and*

*(4) representatives of the insurance industry.*

*(d) The principal objective of the program is to provide basic health care services, including office visits with health care providers, hospitalization, and diagnostic and emergency services, to eligible children in Title IV–D cases at reasonable cost to the parents obligated by court order to provide medical support for the children.*

*(e) The Title IV–D agency may use available private resources, including gifts and grants, in administering the program.*

*(f) The Title IV–D agency shall adopt rules as necessary to implement the program. The Title IV–D agency shall consult with the Texas Department of Insurance and the Health and Human Services Commission in establishing policies and procedures for the administration of the program and in determining appropriate benefits to be provided under the program.*

*(g) A health benefit plan issuer that participates in the program may not deny health care coverage under the program to eligible children because of preexisting conditions or chronic illnesses. A child who is determined to be eligible for coverage under the program continues to be eligible until the termination of the parent's duty to pay child support as specified by Section 154.006. Enrollment of a child in the program does not preclude the subsequent enrollment of the child in another health care plan that becomes available to the child's parent at reasonable cost, including a health care plan available through the parent's employment or the state child health plan under Chapter 62, Health and Safety Code.*

*(h) The Title IV–D agency shall contract with an independent third-party administrator to provide necessary administrative services for operation of the program.*

*(i) A person acting as a third-party administrator under Subsection (h) is not considered an administrator for purposes of Chapter 4151, Insurance Code.*

*(j) The Title IV–D agency shall solicit applications for participation in the program from health benefit plan issuers that meet requirements specified by the agency. Each health benefit plan issuer that participates in the program must hold a certificate of authority issued by the Texas Department of Insurance.*

*(k) The Title IV–D agency shall promptly notify the courts of this state when the program has been implemented and is available to provide for the health care needs of children described by Subsection (b). The notification must specify a date beginning on which children may be enrolled in the program.*

*(l) On or after the date specified in the notification required by Subsection (k), a court that orders health care coverage for a child in a Title IV-D case shall order that the child be enrolled in the program authorized by this section unless other health insurance is available for the child at reasonable cost, including the state child health plan under Chapter 62, Health and Safety Code.*

*(m) Payment of premium costs for the enrollment of a child in the program may be enforced by the Title IV-D agency against the obligor by any means available for the enforcement of a child support obligation, including income withholding under Chapter 158.*

*(n) The program is not subject to any provision of the Insurance Code or other law that requires coverage or the offer of coverage of a health care service or benefit.*

*(o) Any health information obtained by the program, or by a third-party administrator providing program services, that is subject to the Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. Section 1320d et seq.) or Chapter 181, Health and Safety Code, is confidential and not open to public inspection. Any personally identifiable financial information or supporting documentation of a parent whose child is enrolled in the program that is obtained by the program, or by a third-party administrator providing program services, is confidential and not open to public inspection.*

*Sec. 154.1827. ADMINISTRATIVE ADJUSTMENT OF MEDICAL SUPPORT ORDER. (a) In each Title IV-D case in which a medical support order requires that a child be enrolled in a health care program under Section 154.1826, the Title IV-D agency may administratively adjust the order as necessary on an annual basis to reflect changes in the amount of premium costs associated with the child's enrollment.*

*(b) The Title IV-D agency shall provide notice of the administrative adjustment to the obligor and the clerk of the court that rendered the order.*

SECTION 10.  Subsection (c), Section 154.183, Family Code, is amended to read as follows:

(c) As additional child support, the court shall allocate between the parties, according to their circumstances:

(1) [,] the reasonable and necessary health care expenses, *including vision and dental expenses,* of the [of a] child that are not reimbursed by health insurance or are not otherwise covered by the amount of cash medical support ordered under Section 154.182(b)(3); *and*

*(2) amounts paid by either party as deductibles or copayments in obtaining health care services for the child covered under a health insurance policy.*

SECTION 11.  Subsection (c), Section 154.187, Family Code, is amended to read as follows:

(c) An employer who has received an order or notice under this subchapter shall provide to the sender, by first class mail not later than the 30th day after the date the employer receives the order or notice, a statement that the child:

(1) has been enrolled in *the employer's* [a] health insurance plan *or is already enrolled in another health insurance plan in accordance with a previous child support or medical support order to which the employee is subject*; or

(2) cannot be enrolled or cannot be enrolled permanently in *the employer's* [a] health insurance plan and provide the reason why coverage or permanent coverage cannot be provided.

SECTION 12.  Subsection (b), Section 154.191, Family Code, is amended to read as follows:

(b) This subchapter does not limit the authority of the court to render or modify a medical support order *to provide* [containing a provision] for payment of uninsured health expenses, health care costs, or health insurance premiums *in a manner consistent* [that are in addition to and inconsistent] with this subchapter.

SECTION 13.  Subsection (b), Section 157.005, Family Code, is amended to read as follows:

(b) The court retains jurisdiction to confirm the total amount of child support arrearages and render *a cumulative money* judgment for past-due child support, *as provided by Section 157.263*, if a motion for enforcement requesting a *cumulative* money judgment is filed not later than the 10th anniversary after the date:

(1) the child becomes an adult; or

(2) on which the child support obligation terminates under the child support order or by operation of law.

SECTION 14. Subchapter A, Chapter 157, Family Code, is amended by adding Section 157.009 to read as follows:

*Sec. 157.009.   CREDIT FOR PAYMENT OF DISABILITY BENEFITS.   In addition to any other credit or offset available to an obligor under this title, if a child for whom the obligor owes child support receives a lump-sum payment as a result of the obligor's disability and that payment is made to the obligee as the representative payee of the child, the obligor is entitled to a credit.   The credit under this section is equal to the amount of the lump-sum payment and shall be applied to any child support arrearage and interest owed by the obligor on behalf of that child at the time the payment is made.*

SECTION 15.   Section 157.162, Family Code, is amended by adding Subsection (e) to read as follows:

*(e) Notwithstanding Subsection (d), the court may award the petitioner costs of court and reasonable attorney's fees in a proceeding described by that subsection if the court finds that:*

*(1) on the date the motion for enforcement was filed, the respondent was not current in the payment of child support as ordered by the court; and*

*(2) the respondent made the child support payments described by Subsection (d) after the date the respondent was served notice of the motion or otherwise discovered that the motion for enforcement had been filed.*

SECTION 16.   Subsection (f), Section 157.262, Family Code, is amended to read as follows:

(f) The money judgment for arrearages rendered by the court may be subject to a counterclaim or offset as provided by this *title* [subchapter].

SECTION 17.   Section 157.264, Family Code, is amended by adding Subsection (c) to read as follows:

*(c) An order rendered under Subsection (b) does not preclude or limit the use of any other means for enforcement of the judgment.*

SECTION 18.   Section 157.268, Family Code, is amended to read as follows:

Sec. 157.268.   APPLICATION OF CHILD SUPPORT PAYMENT.   Child support collected shall be applied in the following order of priority:

(1) current child support;

(2) non-delinquent child support owed;

(3) [interest on the principal amounts specified in Subdivisions (4) and (5);

[(4)] the principal amount of child support that has not been confirmed and reduced to money judgment;

*(4)* [(5)] the principal amount of child support that has been confirmed and reduced to money judgment;

*(5) interest on the principal amounts specified in Subdivisions (3) and (4);* and

(6) the amount of any ordered attorney's fees or costs, or Title IV–D service fees authorized under Section 231.103 for which the obligor is responsible.

SECTION 19.   Section 158.203, Family Code, is amended by amending Subsection (b) and adding Subsection (b–1) to read as follows:

(b) *An employer with 250 or more employees shall remit a payment required under this section* [For payments made] by electronic funds transfer or electronic data interchange[, the employer shall transmit the amount withheld] not later than the second business day after the pay date.

*(b-1)* An employer with fewer than 250 employees may remit a payment required under this section by electronic funds transfer or electronic data interchange. A payment remitted by the employer electronically must be remitted not later than the date specified by Subsection (b).

SECTION 20. Subsections (a), (b), and (c), Section 158.215, Family Code, are amended to read as follows:

(a) In this section, "lump-sum payment" means income in the form of a bonus or [commission or] an amount paid in lieu of vacation or other leave time. The term does not include an employee's usual earnings or an amount paid as severance pay on termination of employment.

(b) This section applies only to an employer who receives an administrative writ of withholding in a Title IV–D case [that requires that an obligor's income be withheld for child support arrearages].

(c) An employer to whom this section applies may not make a lump-sum payment to the obligor in the amount of $500 or more without first notifying the Title IV–D agency [that issued the writ] to determine whether all or a portion of the payment should be applied to [the] child support arrearages *owed by the obligor.*

SECTION 21. Subsection (a), Section 159.611, Family Code, is amended to read as follows:

(a) Except as provided by Section 159.615, on petition a tribunal of this state may modify a child support order issued in another state and registered in this state only if Section 159.613 does not apply and after notice and hearing the tribunal finds that:

(1) the following requirements are met:

(A) the child, the obligee who is an individual, and the obligor do not reside in the issuing state;

(B) a petitioner who is a nonresident of this state seeks modification; and

(C) the respondent is subject to the personal jurisdiction of the tribunal of this state; or

(2) this state is the state of residence of the child [and the child], or a party who is an individual[,] is subject to the personal jurisdiction of the tribunal of this state, and all of the parties who are individuals have filed *consents* in a record in the issuing tribunal [consents] for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction.

SECTION 22. Subsection (a), Section 160.103, Family Code, is amended to read as follows:

(a) *Except as provided by Chapter 233, this* [This] chapter governs every determination of parentage in this state.

SECTION 23. Subsection (b), Section 160.601, Family Code, is amended to read as follows:

(b) The proceeding is governed by the Texas Rules of Civil Procedure, *except as provided by Chapter 233.*

SECTION 24. Subsection (e), Section 201.009, Family Code, is amended to read as follows:

(e) On a request for a de novo hearing, the referring court may consider testimony or other evidence in the record[, if the record is taken by a court reporter,] in addition to witnesses or other matters presented under Section 201.015.

SECTION 25. Subsection (c), Section 201.015, Family Code, is amended to read as follows:

(c) In the de novo hearing before the referring court, the parties may present witnesses on the issues specified in the request for hearing. The referring court may also consider the record from the hearing before the associate judge, including the charge to and verdict returned by a jury[, if the record was taken by a court reporter].

SECTION 26.  Subsection (a), Section 203.005, Family Code, is amended to read as follows:

(a) The administering entity may authorize a domestic relations office to assess and collect:

(1) an initial operations fee not to exceed $15 to be paid to the domestic relations office on *each* [the] filing of *an original* [a] suit, *motion for modification, or motion for enforcement*;

(2) in a county that has a child support enforcement cooperative agreement with the Title IV–D agency, an initial child support service fee not to exceed $36 to be paid to the domestic relations office on the filing of *an original* [a] suit;

(3) a reasonable application fee to be paid by an applicant requesting services from the office;

(4) a reasonable attorney's fee and court costs incurred or ordered by the court;

(5) a monthly service fee not to exceed $3 to be paid annually in advance by a managing conservator and possessory conservator for whom the domestic relations office provides child support services;

(6) community supervision fees as provided by Chapter 157 if community supervision officers are employed by the domestic relations office;

(7) a reasonable fee for preparation of a court-ordered social study;

(8) in a county that provides visitation services under Sections 153.014 and 203.004 a reasonable fee to be paid to the domestic relations office at the time the visitation services are provided;

(9) a fee to reimburse the domestic relations office for a fee required to be paid under Section 158.503(d) for filing an administrative writ of withholding;

(10) a reasonable fee for parenting coordinator services; and

(11) a reasonable fee for alternative dispute resolution services.

SECTION 27.  Section 231.015, Family Code, is amended to read as follows:

Sec. 231.015.  INSURANCE REPORTING [PILOT] PROGRAM.  (a) In consultation with the Texas Department of Insurance and representatives of the insurance industry in this state, including insurance trade associations, the Title IV–D agency by rule shall *operate* [establish] a [pilot] program to improve the *enforcement of child support, including the* use of child support liens under Chapter 157.  The [pilot] program shall *provide for procedures, including data matches,* [develop processes] under which insurance companies *shall* [may voluntarily] cooperate with the Title IV–D agency in identifying obligors *who owe child support arrearages or* who are subject to liens for child support arrearages to intercept certain liability insurance settlements or awards for claims in satisfaction of the arrearage amounts.

(b) An insurance company that provides information or [otherwise] responds to a notice of child support lien or levy under Subchapter G, Chapter 157, or acts in good faith to comply with procedures established *by the Title IV–D agency* [in the pilot program] under this section is not liable for those acts under any law to any person.

SECTION 28.  Section 231.202, Family Code, is amended to read as follows:

Sec. 231.202.  AUTHORIZED COSTS AND FEES IN TITLE IV–D CASES.  In a Title IV–D case filed under this title, including a case filed under Chapter 159, the Title IV–D agency shall pay *only the following costs and fees*:

(1) filing fees and fees for issuance and service of process as provided by Chapter 110 of this code and by Sections *51.317(b)(1), (2), and (3) and (b–1)* [51.317], 51.318(b)(2), and 51.319(2), Government Code;

(2) fees for transfer as provided by Chapter 110;

(3) fees for the issuance and delivery of orders and writs of income withholding in the amounts provided by Chapter 110;

(4) the fee *for services provided by* [that] sheriffs and constables, *including*:

*(A) a fee* [are] authorized [to charge for serving process] under Section 118.131, Local Government Code, for *serving* each item of process to each individual on whom service is required, including service by certified or registered mail[, to be paid to a sheriff, constable, or clerk whenever service of process is required]; *and*

*(B) a fee authorized under Section 157.103(b) for serving a capias;*

(5) the fee for filing an administrative writ of withholding under Section 158.503(d); [and]

(6) the fee for issuance of a subpoena as provided by Section 51.318(b)(1), Government Code; *and*

*(7) a fee authorized under a local rule for the electronic filing of documents with a clerk.*

SECTION 29. Subsection (a), Section 232.005, Family Code, is amended to read as follows:

(a) A petition under this chapter must state that license suspension is required under Section 232.003 and allege:

(1) the name and, if known, social security number of the individual;

(2) [with regard to each license, the type, and if known, number of any license the individual is believed to hold and] the name of the licensing authority that issued a [the] license *the individual is believed to hold*; and

(3) the amount of arrearages owed under the child support order or the facts associated with the individual's failure to comply with:

(A) a subpoena; or

(B) the terms of a court order providing for the possession of or access to a child.

SECTION 30. Section 234.010, Family Code, is amended to read as follows:

Sec. 234.010. DIRECT DEPOSIT *AND ELECTRONIC BENEFITS TRANSFER* OF CHILD SUPPORT PAYMENTS. (a) The state disbursement unit authorized under this chapter may *make a direct deposit of* [transmit] a child support payment to an obligee by electronic funds transfer *into* [if the obligee maintains] an account with a financial institution *maintained by the obligee. It is the responsibility of the obligee to notify the state disbursement unit of:*

*(1) the existence of an account;*

*(2) the appropriate routing information for direct deposit by electronic funds transfer into an account; and*

*(3) any modification to account information previously provided to the state disbursement unit, including information that an account has been closed.*

(b) *Except as provided by Subsection (d), the state disbursement unit shall deposit a child support payment by electronic funds transfer into a debit card account established for the obligee by the Title IV-D agency if the obligee:*

*(1) does not maintain an account with a financial institution;*

*(2) fails to notify the state disbursement unit of the existence of an account maintained with a financial institution; or*

*(3) closes an account maintained with a financial institution previously used to accept direct deposit of a child support payment without establishing a new account and notifying the state disbursement unit of the new account in accordance with Subsection (a)* [The work group convened under this subchapter may develop a plan to assist an obligee who does not have an account with a financial institution to obtain an account].

(c) The *Title IV-D agency shall:*

*(1) issue a debit card to each obligee for whom a debit card account is established under Subsection (b); and*

*(2) provide the obligee with instructions for activating and using the debit card* [work group may determine whether it is feasible and cost-effective for the state to administer an electronic benefits transfer system for child support obligees and may recommend implementation of such a system to the Title IV-D agency].

*(c-1) Chapter 604, Business & Commerce Code, does not apply to a debit card issued under Subsection (c).*

(d) *An obligee may decline in writing to receive child support payments by electronic funds transfer into an account with a financial institution or a debit card account and request that payments be provided by paper warrants if the obligee alleges that receiving payments by electronic funds transfer would impose a substantial hardship* [After receiving any recommendations by the work group under Subsection (c), the Title IV–D agency or the vendor selected by the Title IV–D agency to operate the state disbursement unit may provide for electronic benefits transfer, if the request for proposals issued by the Title IV–D agency and any contract resulting from the selection of a vendor to provide the services specified in the request for proposals provides for electronic benefits transfer].

(e) *A child support payment disbursed by the state disbursement unit by electronic funds transfer into an account with a financial institution maintained by the obligee or into a debit card account established for the obligee under Subsection (b) is solely the property of the obligee* [The work group may recommend and the Title IV–D agency may establish procedures to implement this section.]

[(f) The Title IV–D agency, after receiving the recommendation of the work group, may require an obligee to receive payments by direct deposit to the obligee's bank account or by electronic benefits transfer to an account established by the Title IV–D agency or the state disbursement unit if the account is established at no cost to the obligee].

SECTION 31.   Section 34.001, Civil Practice and Remedies Code, is amended by adding Subsection (c) to read as follows:

*(c) This section does not apply to a judgment for child support under the Family Code.*

SECTION 32.   Subsection (e), Section 501.014, Government Code, is amended to read as follows:

(e) On notification by a court, the department shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this subsection. *On receipt of a valid court order requiring an inmate to pay child support, the department shall withdraw the appropriate amount from the inmate's account under this subsection, regardless of whether the court order is provided by the court or another person.* The department shall make a payment under this subsection as ordered by the court to either the court or the party specified in the court order. The department is not liable for withdrawing or failing to withdraw money or making payments or failing to make payments under this subsection. The department shall make withdrawals and payments from an inmate's account under this subsection according to the following schedule of priorities:

(1) as payment in full for all orders for child support;

(2) as payment in full for all orders for restitution;

(3) as payment in full for all orders for reimbursement of the *Health and* [Texas Department of] Human Services *Commission* for financial assistance provided for the child's health needs under Chapter 31, Human Resources Code, to a child of the inmate;

(4) as payment in full for all orders for court fees and costs;

(5) as payment in full for all orders for fines;  and

(6) as payment in full for any other court order, judgment, or writ.

SECTION 33.   Section 12.0011, Property Code, is amended by adding Subsection (d) to read as follows:

*(d) This section does not apply to a child support lien notice issued by the Title IV–D agency under Chapter 157, Family Code.   For purposes of this subsection, "Title IV–D agency" has the meaning assigned by Section 101.033, Family Code.*

SECTION 34.   Section 72.101, Property Code, is amended by adding Subsection (e) to read as follows:

*(e) This section does not apply to money collected as child support that:*

*(1) is being held for disbursement by the state disbursement unit under Chapter 234, Family Code, or a local registry, as defined by Section 101.018, Family Code, pending identification and location of the person to whom the money is owed; or*

*(2) has been disbursed by the state disbursement unit under Chapter 234, Family Code, by electronic funds transfer into a child support debit card account established for an individual under Section 234.010, Family Code, but not activated by the individual.*

SECTION 35. Subdivision (1), Subsection (a), Section 73.001, Property Code, is amended to read as follows:

(1) "Account" means funds deposited with a depository in an interest-bearing account, a checking or savings account, *or a child support debit card account established under Section 234.010, Family Code,* or funds received by a depository in exchange for the purchase of a stored value card.

SECTION 36. Subsection (c), Section 601.454, Transportation Code, is amended to read as follows:

(c) Information obtained under this subchapter is confidential. The agent:

*(1)* may use the information only for a purpose authorized under this subchapter;

*(2)* [and] may not use the information for a commercial purpose; *and*

*(3) on request, and subject to appropriate safeguards to protect the privacy of motor vehicle owners developed by the implementing agencies and the attorney general, may provide the information to the attorney general for the purpose of enforcing child support obligations.*

SECTION 37. Subsection (c), Section 154.130, Subsection (d), Section 154.182, and Section 234.011, Family Code, are repealed.

SECTION 38. Section 102.009, Family Code, as amended by this Act, applies to a proceeding under Chapter 233, Family Code, that is pending before the Title IV–D agency or initiated by the Title IV–D agency on or after the effective date of that provision.

SECTION 39. Section 102.011, Family Code, as amended by this Act, applies only to an acknowledgment of paternity signed on or after the effective date of that provision.

SECTION 40. Sections 154.062 and 154.130, Family Code, as amended by this Act, apply only to a suit affecting the parent-child relationship that is commenced on or after the effective date of those provisions. A suit affecting the parent-child relationship commenced before the effective date of those provisions is governed by the law in effect on the date the suit was commenced, and the former law is continued in effect for that purpose.

SECTION 41. Sections 154.181, 154.182, 154.183, and 154.191, Family Code, as amended by this Act, apply to a suit affecting the parent-child relationship pending in a trial court on or filed on or after the effective date of those provisions.

SECTION 42. Section 154.187, Family Code, as amended by this Act, applies to an order or notice received by an employer on or after the effective date of that provision. An order or notice received by an employer before the effective date of that provision is governed by the law in effect on the date the order or notice was received, and the former law is continued in effect for that purpose.

SECTION 43. Section 157.009, Family Code, as added by this Act, applies only to a money judgment for child support arrearages that is rendered on or after the effective date of that provision. A money judgment for child support arrearages rendered before the effective date of that provision is governed by the law in effect on the date that the judgment was rendered, and the former law is continued in effect for that purpose.

SECTION 44. The change in law made by Subsection (e), Section 157.162, Family Code, as added by this Act, applies only to a motion for enforcement that is filed on or after the effective date of this Act. A motion for enforcement filed before the effective date of this Act is governed by the law in effect immediately before that date, and the former law is continued in effect for that purpose.

SECTION 45. Section 157.268, Family Code, as amended by this Act, applies only to child support collected on or after January 1, 2010.

SECTION 46. Section 158.203, Family Code, as amended by this Act, applies to child support payments withheld by an employer on or after September 1, 2009.

SECTION 47. Sections 201.009 and 201.015, Family Code, as amended by this Act, apply only to a hearing before an associate judge that is commenced on or after the effective date of

those provisions. A hearing before an associate judge that commenced before the effective date of those provisions is governed by the law in effect on the date the hearing commenced, and the former law is continued in effect for that purpose.

SECTION 48. The changes in law made by this Act to Section 231.202, Family Code, by the amendment of Subdivision (4) and the enactment of Subdivision (7) of that section apply to a suit affecting the parent-child relationship pending in a trial court on or filed on or after September 1, 2009.

SECTION 49. Section 232.005, Family Code, as amended by this Act, applies only to a petition filed on or after the effective date of that provision. A petition filed before the effective date of that provision is governed by the law in effect on the date the petition was filed, and the former law is continued in effect for that purpose.

SECTION 50. Section 34.001, Civil Practice and Remedies Code, as amended by this Act, applies to each judgment for child support under the Family Code, regardless of the date on which the judgment was rendered.

SECTION 51. (a) Except as provided by Subsections (b) and (c) of this section:

(1) this Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution; and

(2) if this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2009.

(b) The change in law made by this Act to Section 157.268, Family Code, takes effect January 1, 2010.

(c) The changes in law made by this Act to Subsection (b), Section 154.182, and Sections 158.203 and 231.202, Family Code, take effect September 1, 2009.

Passed the Senate on April 23, 2009: Yeas 30, Nays 0; the Senate concurred in House amendments on May 28, 2009: Yeas 31, Nays 0; passed the House, with amendments, on May 21, 2009: Yeas 138, Nays 0, four present not voting.

Approved June 19, 2009.

Effective June 19, 2009, except as provided by §§ 51(b), 51(c).

---

# CHAPTER 768

## S.B. No. 866

### AN ACT

relating to the rights and liabilities of the parties in a suit for dissolution of a marriage and certain post-dissolution proceedings.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1. Subsection (d), Section 3.007, Family Code, is amended to read as follows:

(d) A spouse who is a participant in an employer-provided stock option plan or an employer-provided restricted stock plan has a separate property interest in the options or restricted stock granted to the spouse under the plan as follows:

(1) if the option or stock was granted to the spouse before marriage but required continued employment during marriage before the grant could be exercised or the restriction removed, the spouse's separate property interest is equal to the fraction of the option or restricted stock in which:

*(A)* the numerator is the *sum of:*

*(i) the* period from the date the option or stock was granted until the date of marriage; *and*

*(ii) if the option or stock also required continued employment following the date of dissolution of the marriage before the grant could be exercised or the restriction*

of this Act. A member of the governing board of the Department of Information Resources who is serving on the board immediately before the effective date of this Act is governed for the remainder of the member's current term by Sections 2054.021 and 2054.022, Government Code, as those statutes existed immediately before the effective date of this Act, and the prior law is continued in effect for this purpose.

(c) The three voting board positions with terms that expire February 1, 1999, are abolished on that date.

(d) On February 1, 1999, the first two-year terms on the board begin for the members of the nonvoting ex officio group composed of the executive director of the Texas Workers' Compensation Commission, the commissioner of health and human services, and the executive director of the Texas Department of Transportation. On February 1, 2001, those three members' first terms expire, and the first two-year terms on the board begin for the members of the nonvoting ex officio group composed of the commissioner of education, the executive director of the Texas Department of Criminal Justice, and the executive director of the Parks and Wildlife Department.

(e) In appointing voting members of the board to terms scheduled to begin February 1, 2001, the governor shall appoint one voting member to the board for a term expiring February 1, 2003, one voting member for a term expiring February 1, 2005, and one voting member for a term expiring February 1, 2007.

(f) In appointing voting members of the board to terms scheduled to begin February 1, 2003, the governor shall appoint one voting member to the board for a term expiring February 1, 2005, one voting member for a term expiring February 1, 2007, and two voting members for terms expiring February 1, 2009.

SECTION 23. This Act takes effect September 1, 1997.

SECTION 24. The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each house be suspended, and this rule is hereby suspended.

Passed the Senate on April 11, 1997, by a viva-voce vote; the Senate concurred in House amendments on May 21, 1997, by a viva-voce vote; passed the House, with amendments, on May 8, 1997, by a non-record vote.

Approved June 11, 1997.

Effective September 1, 1997.

---

# CHAPTER 607

## S.B. No. 426

### AN ACT
relating to the revision of the Uniform Interstate Family Support Act to comply with federal law.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1. Subdivisions (7), (16), and (19), Section 159.101, Family Code, are amended to read as follows:

(7) "Initiating state" means a state *from* [in] which a proceeding *is forwarded or in which a proceeding is filed for forwarding to a responding state* under this chapter or a law *or procedure* substantially similar to this chapter, the Uniform Reciprocal Enforcement of Support Act, or the Revised Uniform Reciprocal Enforcement of Support Act [is filed for forwarding to a responding state].

(16) "Responding state" means a state *in* [to] which a proceeding is *filed or to which a proceeding is* forwarded *for filing from an initiating state* under this chapter or a law *or procedure* substantially similar to this chapter, the Uniform Reciprocal Enforcement of Support Act, or the Revised Uniform Reciprocal Enforcement of Support Act.

2137

(19) "State" means a state of the United States, the District of Columbia, [the Commonwealth of] Puerto Rico, *the United States Virgin Islands*, or any territory or insular possession subject to the jurisdiction of the United States. The term includes:

(A) an Indian tribe; and

(B) a foreign jurisdiction that has *enacted a law or* established procedures for issuance and enforcement of support orders that are substantially similar to the procedures under this chapter, *the Uniform Reciprocal Enforcement of Support Act, or the Revised Uniform Reciprocal Enforcement of Support Act.*

SECTION 2. Section 159.102, Family Code, is amended to read as follows:

Sec. 159.102. TRIBUNAL OF [THIS] STATE. The court is the tribunal of this state.

SECTION 3. Section 159.203, Family Code, is amended to read as follows:

Sec. 159.203. INITIATING AND RESPONDING TRIBUNAL OF [THIS] STATE. Under this chapter, a tribunal of this state may serve as an initiating tribunal to forward proceedings to another state and as a responding tribunal for proceedings initiated in another state.

SECTION 4. Subsection (a), Section 159.205, Family Code, is amended to read as follows:

(a) A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:

(1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(2) until *all of the parties who are individuals have* [each individual party has] filed written *consents* [consent] with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

SECTION 5. Section 159.207, Family Code, is amended to read as follows:

Sec. 159.207. RECOGNITION OF *CONTROLLING* CHILD SUPPORT *ORDER* [ORDERS]. (a) If a proceeding is brought under this chapter and [one or more child support orders have been issued in this or another state with regard to an obligor and a child, a tribunal of this state shall apply the following rules in determining which order to recognize for purposes of continuing, exclusive jurisdiction:

[(1) if] only one tribunal has issued a child support order, the order of that tribunal *controls and* must be so recognized.

*(b) If a proceeding is brought under this chapter and two or more child support orders have been issued by tribunals of this state or another state with regard to the same obligor and child, a tribunal of this state shall apply the following rules in determining which order to recognize for purposes of continuing, exclusive jurisdiction:*

*(1)* [; (2)] if [two or more tribunals have issued child support orders for the same obligor and child and] only one of the tribunals would have continuing, exclusive jurisdiction under this chapter, the order of that tribunal *controls and* must be so recognized;

*(2)* [(3)] if [two or more tribunals have issued child support orders for the same obligor and child and] more than one of the tribunals would have continuing, exclusive jurisdiction under this chapter, an order issued by a tribunal in the current home state of the child *controls and* must be so recognized, but if an order has not been issued in the current home state of the child, the order most recently issued *controls and* must be so recognized; and

*(3)* [(4)] if [two or more tribunals have issued child support orders for the same obligor and child and] none of the tribunals would have continuing, exclusive jurisdiction under this chapter, the tribunal of this state *having jurisdiction over the parties shall* [may] issue a child support order that *controls and* must be so recognized.

*(c) If two or more child support orders have been issued for the same obligor and child and if the obligor or the individual obligee resides in this state, a party may request a tribunal of this state to determine which order controls and must be so recognized under Subsection (b). The request must be accompanied by a certified copy of every support order in effect. The requesting party shall give notice of the request to each party whose rights may be affected by the determination.*

*(d)* [(b)] The tribunal that *issued the controlling* [issues an] order [recognized] under Subsection (a), *(b),* or *(c)* is the tribunal that has continuing, exclusive jurisdiction *under Section 159.205.*

*(e) A tribunal of this state that determines by order the identity of the controlling order under Subsection (b)(1) or (2) or that issues a new controlling order under Subsection (b)(3) shall state in that order the basis upon which the tribunal made its determination.*

*(f) Within 30 days after issuance of an order determining the identity of the controlling order, the party obtaining the order shall file a certified copy of it with each tribunal that issued or registered an earlier order of child support. A party who obtains the order and fails to file a certified copy is subject to appropriate sanctions by a tribunal in which the issue of failure to file arises. The failure to file does not affect the validity or enforceability of the controlling order.*

SECTION 6. Section 159.301, Family Code, is amended to read as follows:

Sec. 159.301. PROCEEDINGS UNDER [THIS[ CHAPTER. (a) Except as otherwise provided in this chapter, this subchapter applies to all proceedings under this chapter.

(b) This chapter provides for the following proceedings:

(1) establishment of an order for spousal support or child support *pursuant to* [under] Section 159.401;

(2) enforcement of a support order and income-withholding order of another state without registration *pursuant to Sections 159.501 through 159.507* [under Subchapter F];

(3) registration of an order for spousal support or child support of another state for enforcement *pursuant to Sections 159.601 through 159.608* [under Subchapter G];

(4) modification of an order for child support or spousal support issued by a tribunal of this state *pursuant to* [under] Sections 159.203 *through* [-] 159.205;

(5) registration of an order for child support of another state for modification *pursuant to Sections 159.609 through 159.614* [under Subchapter G];

(6) determination of parentage *pursuant to Section 159.701* [under Subchapter H]; and

(7) assertion of jurisdiction over nonresidents *pursuant to* [under] Sections 159.201 and 159.202.

(c) An individual or a support enforcement agency may commence a proceeding authorized under this chapter by filing a petition in an initiating tribunal for forwarding to a responding tribunal or by filing a petition or a comparable pleading directly in a tribunal of another state that has or that can obtain personal jurisdiction over the respondent.

SECTION 7. Section 159.303, Family Code, is amended to read as follows:

Sec. 159.303. APPLICATION OF LAW OF [THIS] STATE. Except as otherwise provided in this chapter, a responding tribunal of this state shall:

(1) apply the procedural and substantive law, including the rules on choice of law, generally applicable to similar proceedings originating in this state and may exercise all powers and provide all remedies available in those proceedings; and

(2) determine the duty of support and the amount payable in accordance with the law and support guidelines of this state.

SECTION 8. Section 159.304, Family Code, is amended to read as follows:

Sec. 159.304. DUTIES OF INITIATING TRIBUNAL. *(a)* On the filing of a petition authorized by this chapter, an initiating tribunal of this state shall forward three copies of the petition and its accompanying documents:

(1) to the responding tribunal or appropriate support enforcement agency in the responding state; or

(2) if the identity of the responding tribunal is unknown, to the state information agency of the responding state with a request that they be forwarded to the appropriate tribunal and that receipt be acknowledged.

*(b) If a responding state has not enacted the Uniform Interstate Family Support Act or a law or procedure substantially similar to that Act, a tribunal of this state may issue a*

*certificate or other document and make findings required by the law of the responding state. If the responding state is a foreign jurisdiction, the tribunal may specify the amount of support sought and provide other documents necessary to satisfy the requirements of the responding state.*

SECTION 9.  Subsections (a), (b), and (e), Section 159.305, Family Code, are amended to read as follows:

(a) When a responding tribunal of this state receives a petition or comparable pleading from an initiating tribunal or directly under Section 159.301(c), the responding tribunal shall cause the petition or pleading to be filed and notify the petitioner [by first class mail] where and when it was filed.

(b) A responding tribunal of this state, to the extent otherwise authorized by law, may do one or more of the following:

(1) issue or enforce a support order, modify a child support order, or render a judgment to determine parentage;

(2) order an obligor to comply with a support order and specify the amount and the manner of compliance;

(3) order income withholding;

(4) determine the amount of any arrearages and specify a method of payment;

(5) enforce orders by civil or criminal contempt, or both;

(6) set aside property for satisfaction of the support order;

(7) place liens and order execution on the obligor's property[, provided, however, a lien under this subdivision may not arise or attach to real property until recorded in the real property records of the county where the real property of the obligor is located and shall be subordinate to the rights of prior bona fide purchasers and lienholders on the real property];

(8) order an obligor to keep the tribunal informed of the obligor's current residential address, telephone number, employer, address of employment, and telephone number at the place of employment;

(9) issue a bench warrant or capias for an obligor who has failed after proper notice to appear at a hearing ordered by the tribunal and enter the bench warrant or capias in any local and state computer systems for criminal warrants;

(10) order the obligor to seek appropriate employment by specified methods;

(11) award reasonable attorney's fees and other fees and costs; and

(12) grant any other available remedy.

(e) If a responding tribunal of this state issues an order under this chapter, the tribunal shall send a copy of the order [by first class mail] to the petitioner and the respondent and to the initiating tribunal, if any.

SECTION 10.  Section 159.306, Family Code, is amended to read as follows:

Sec. 159.306.  INAPPROPRIATE TRIBUNAL.  If a petition or comparable pleading is received by an inappropriate tribunal of this state, that tribunal shall forward the pleading and accompanying documents to an appropriate tribunal in this state or another state and notify the petitioner [by first class mail] where and when the pleading was sent.

SECTION 11.  Subsection (b), Section 159.307, Family Code, is amended to read as follows:

(b) A support enforcement agency that provides services to the petitioner as appropriate shall:

(1) take all steps necessary to enable an appropriate tribunal in this state or another state to obtain jurisdiction over the respondent;

(2) request an appropriate tribunal to set a date, time, and place for a hearing;

(3) make a reasonable effort to obtain all relevant information, including information as to income and property of the parties;

2140

(4) not later than the second day, excluding Saturdays, Sundays, and legal holidays, after the date of receipt of a written notice from an initiating, responding, or registering tribunal, send a copy of the notice [by first class mail] to the petitioner;

(5) not later than the second day, excluding Saturdays, Sundays, and legal holidays, after the date of receipt of a written communication from the respondent or the respondent's attorney, send a copy of the communication [by first class mail] to the petitioner; and

(6) notify the petitioner if jurisdiction over the respondent cannot be obtained.

SECTION 12.  Subsections (a) and (c), Section 159.313, Family Code, are amended to read as follows:

(a) *The petitioner may not be required to pay* [An initiating court may require payment of either] a filing fee or other costs [from the obligee and may request the responding court to collect fees and costs from the obligor.  The clerk of the responding court may require payment of a filing fee or other costs from the obligee].

(c) The tribunal shall order the payment of costs and reasonable attorney's fees if it determines that a hearing was requested primarily for delay.  In a proceeding *pursuant to Sections 159.601 through 159.608* [under Subchapter G], a hearing is presumed to have been requested primarily for delay if a registered support order is confirmed or enforced without change.

SECTION 13.  Subchapter F, Chapter 159, Family Code, is amended to read as follows:

## SUBCHAPTER F.  [DIRECT] ENFORCEMENT OF ORDER OF ANOTHER STATE WITHOUT REGISTRATION

Sec. 159.501.  *EMPLOYER'S RECEIPT* [RECOGNITION] OF INCOME-WITHHOLD-ING ORDER OF ANOTHER STATE.  [(a)] An income-withholding order issued in another state may be sent [by first class mail] to the obligor's employer under Chapter 158 without first filing a petition or comparable pleading or registering the order with a tribunal of this state.

*Sec. 159.502.  EMPLOYER'S COMPLIANCE WITH INCOME-WITHHOLDING OR-DER OF ANOTHER STATE.  (a)*  On receipt of *an income-withholding* [the] order, the *obligor's* employer shall *immediately provide a copy of the order to the obligor.*

*(b) The employer shall*[:

[(1)] treat an income-withholding order issued in another state that appears regular on its face as if the order had been issued by a tribunal of this state.

*(c) Except as otherwise provided in Subsection (d) and Section 159.503, the employer shall withhold and*[:

[(2) immediately provide a copy of the order to the obligor; and

[(3)] distribute the funds as directed in the withholding order *by complying with terms of the order that specify:*

*(1) the duration and amount of periodic payments of current child support, stated as a sum certain;*

*(2) the person or agency designated to receive payments and the address to which the payments are to be forwarded;*

*(3) medical support, whether in the form of periodic cash payments, stated as a sum certain, or ordering the obligor to provide health insurance coverage for the child under a policy available through the obligor's employment;*

*(4) the amount of periodic payments of fees and costs for a support enforcement agency, the issuing tribunal, and the obligee's attorney, stated as sums certain; and*

*(5) the amount of periodic payments of arrearages and interest on arrearages, stated as sums certain.*

*(d) An employer shall comply with the law of the state of the obligor's principal place of employment for withholding from income with respect to:*

*(1) the employer's fee for processing an income-withholding order;*

*(2) the maximum amount permitted to be withheld from the obligor's income; and*

*(3) the times within which the employer must implement the withholding order and forward the child support payment.*

Sec. 159.503.  COMPLIANCE WITH MULTIPLE INCOME-WITHHOLDING ORDERS. *If an obligor's employer receives multiple income-withholding orders with respect to the earnings of the same obligor, the employer satisfies the terms of the multiple orders if the employer complies with the law of the state of the obligor's principal place of employment to establish the priorities for withholding and allocating income withheld for multiple child support obligees.*

Sec. 159.504.  IMMUNITY FROM CIVIL LIABILITY. *An employer who complies with an income-withholding order issued in another state in accordance with this subchapter is not subject to civil liability to an individual or agency with regard to the employer's withholding of child support from the obligor's income.*

Sec. 159.505.  PENALTIES FOR NONCOMPLIANCE. *An employer who wilfully fails to comply with an income-withholding order issued by another state and received for enforcement is subject to the same penalties that may be imposed for noncompliance with an order issued by a tribunal of this state.*

Sec. 159.506.  CONTEST BY OBLIGOR. *(a)* [(b)] An obligor may contest the validity or enforcement of an income-withholding order issued in another state *and received directly by an employer in this state* in the same manner as if the order had been issued by a tribunal of this state. Section 159.604 applies to the contest.

*(b)* The obligor shall give notice of the contest to:

*(1) a* [any] support enforcement agency providing services to the obligee;

*(2) each employer that has directly received an income-withholding order;* and [to:]

*(3)* [(1)] the person or agency designated to receive payments in the income-withholding order[;] or *to*

[(2)] the obligee, if no person or agency is designated.

Sec. 159.507 [Sec. 159.502]. ADMINISTRATIVE ENFORCEMENT OF ORDERS. (a) A party seeking to enforce a support order or an income-withholding order, or both, issued by a tribunal of another state may send the documents required for registering the order to a support enforcement agency of this state.

(b) On receipt of the documents, the support enforcement agency, without initially seeking to register the order, shall consider and, if appropriate, use any administrative procedure authorized by the law of this state to enforce a support order or an income-withholding order, or both. If the obligor does not contest administrative enforcement, the order need not be registered. If the obligor contests the validity or administrative enforcement of the order, the support enforcement agency shall register the order under this chapter.

SECTION 14. Subsection (a), Section 159.604, Family Code, is amended to read as follows:

(a) The law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order [only if a party provides the court having jurisdiction over an action in this state a certified copy of the applicable law of the state.  Otherwise, the law of this state applies].

SECTION 15. Subsections (a) and (b), Section 159.605, Family Code, are amended to read as follows:

(a) When a support order or income-withholding order issued in another state is registered, the registering tribunal shall notify the nonregistering party. [Notice must be given by first-class, certified, or registered mail or by any means of personal service authorized by the law of this state.] The notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order.

(b) The notice must inform the nonregistering party:

(1) that a registered order is enforceable as of the date of registration in the same manner as an order issued by a tribunal of this state;

(2) that a hearing to contest the validity or enforcement of the registered order must be requested *within 20 days* [not later than the 20th day] after [the date the] notice [was mailed or personally served];

(3) that failure to contest the validity or enforcement of the registered order in a timely manner:

    (A) will result in confirmation of the order and enforcement of the order and the alleged arrearages; and

    (B) precludes further contest of that order with respect to any matter that could have been asserted; and

(4) of the amount of any alleged arrearages.

SECTION 16. Subsections (a) and (c), Section 159.606, Family Code, are amended to read as follows:

(a) A nonregistering party seeking to contest the validity or enforcement of a registered order in this state *shall* [must] request a hearing *within 20 days* [not later than the 20th day] after [the date the] notice of *the* registration [was mailed or personally served]. The nonregistering party may seek under Section 159.607 to:

    (1) vacate the registration;

    (2) assert any defense to an allegation of noncompliance with the registered order; or

    (3) contest the remedies being sought or the amount of any alleged arrearages.

(c) If a nonregistering party requests a hearing to contest the validity or enforcement of the registered order, the registering tribunal shall schedule the matter for hearing and give notice to the parties [by first class mail] of the date, time, and place of the hearing.

SECTION 17. Subsections (a) and (c), Section 159.611, Family Code, are amended to read as follows:

(a) After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify the order only if *Section 159.613 does not apply and*[,] after notice and hearing[,] the tribunal finds that:

    (1) the following requirements are met:

        (A) the child, the individual obligee, and the obligor do not reside in the issuing state;

        (B) a petitioner who is a nonresident of this state seeks modification; and

        (C) the respondent is subject to the personal jurisdiction of the tribunal of this state; or

    (2) [an individual party or] the child, *or a party who is an individual,* is subject to the personal jurisdiction of the tribunal *of this state* and all of the [individual] parties *who are individuals* have filed in the issuing tribunal [a] written *consents for* [consent that provides that] a tribunal of this state *to* [may] modify the support order and assume continuing, exclusive jurisdiction over the order; *however, for the purposes of this subdivision, if the issuing state is a foreign jurisdiction that has not enacted a law or established procedures substantially similar to the procedures under this chapter, the consent otherwise required of an individual residing in this state is not required for the tribunal to assume jurisdiction to modify the child support order.*

(c) A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state. *If two or more tribunals have issued child support orders for the same obligor and child, the order that controls and must be so recognized under Section 159.207 establishes the aspects of the support order that are nonmodifiable.*

SECTION 18. Subchapter G, Chapter 159, Family Code, is amended by adding Sections 159.613 and 159.614 to read as follows:

*Sec. 159.613. JURISDICTION TO MODIFY CHILD SUPPORT ORDER OF ANOTHER STATE WHEN INDIVIDUAL PARTIES RESIDE IN THIS STATE. (a) If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order.*

*(b) A tribunal of this state exercising jurisdiction under this section shall apply the provisions of Sections 159.101 through 159.209 and 159.601 through 159.614 and the procedural and substantive law of this state to the proceeding for enforcement or modification. Sections 159.301 through 159.507 and 159.701 through 159.802 do not apply.*

*Sec. 159.614. NOTICE TO ISSUING TRIBUNAL OF MODIFICATION. Within 30 days after issuance of a modified child support order, the party obtaining the modification shall file a certifiᵈ copy of the order with the issuing tribunal that had continuing, exclusive jurisdiction over the earlier order and in each tribunal in which the party knows the earlier order has been registered. A party who obtains the order and fails to file a certified copy is subject to appropriate sanctions by a tribunal in which the issue of failure to file arises. The failure to file does not affect the validity or enforceability of the modified order of the new tribunal having continuing, exclusive jurisdiction.*

SECTION 19. This Act takes effect September 1, 1997, and applies only to an order, decree, or judgment entered on or after that date.

SECTION 20. The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each house be suspended, and this rule is hereby suspended.

Passed the Senate on March 13, 1997: Yeas 31, Nays 0; passed the House on May 20, 1997, by a non-record vote.

Approved June 11, 1997.

Effective September 1, 1997.

---

## CHAPTER 608

### S.B. No. 467

#### AN ACT

relating to prohibiting a peace officer or attorney representing the state from requiring that certain complainants submit to polygraph examinations.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1. Article 15.051, Code of Criminal Procedure, is amended to read as follows:

Art. 15.051. *REQUIRING* POLYGRAPH EXAMINATION OF COMPLAINANT PROHIBITED. (a) A peace officer *or an attorney representing the state* may not require a polygraph examination of a person who charges or seeks to charge in a complaint the commission of an offense under Section 21.11, 22.011, 22.021, or 25.02, Penal Code.

(b) If *a peace officer or* an attorney representing the state requests a polygraph examination of a person who charges or seeks to charge in a complaint the commission of an offense listed in Subsection (a), the *officer or* attorney must inform the complainant that the examination is not required and that a complaint may not be dismissed solely:

(1) because a complainant did not take a polygraph examination; or

(2) on the basis of the results of a polygraph examination taken by the complainant.

(c) *A peace officer or an* [An] attorney representing the state may not take a polygraph examination of a person who charges or seeks to charge the commission of an offense listed in Subsection (a) unless the *officer or* attorney provides the information in Subsection (b) to the person and the person signs a statement indicating the person understands the information.

(d) A complaint may not be dismissed solely:

(1) because a complainant did not take a polygraph examination; or

(2) on the basis of the results of a polygraph examination taken by the complainant.

SECTION 2. The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each house be